Marc A. Lebowitz
Keith M. Getz
LEBOWITZ LAW OFFICE LLC
777 Third Avenue, 35th Floor
New York, New York 10017
Tel.:(212) 682-6818
Fax: (212) 682-0030
*marc@lebolaw.com*
*keith@lebolaw.com*

*Attorneys for Plaintiff*
*Bill Diodato Photography LLC*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ X
                                            )
BILL DIODATO PHOTOGRAPHY LLC,               )
                                            )
                            Plaintiff,      )  C.A. No.:
                                            )  12-civ-0847 (RWS)
                                            )
              -against-                     )  ECF CASE
                                            )
AVON PRODUCTS, INC.,                        )
                                            )
                            Defendant.      )
------------------------------------------ X


**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(6)**

TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................i

PRELIMINARY STATEMENT AND BACKGROUND ..............................1

ARGUMENT IN OPPOSITION ............................................3

I.    THE LEGAL STANDARD UNDER FED.R.CIV.P. 12(b)(6) .................3

II.   PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIMS
      ARE NOT BARRED BY THE STATUTE OF LIMITATIONS ...................5

      A.   The Parties Entered Into A Tolling Agreement
           Which Fixed The Date Of Plaintiff's Claims As
           Of March 4, 2010.........................................6

      B.   Application Of Even The More Restrictive
           Injury Rule Does Not Result in Dismissal
           Of All Claims............................................8

      C.   Application Of The "Discovery Rule" Is
           Appropriate In This Case.................................8

      D.   Equitable Tolling Would Also Be Appropriate
           In This Case.............................................13

III.  PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIMS
      ARE ADEQUATELY PLEAD ..........................................14

IV.   PLAINTIFF'S SECOND CAUSE OF ACTION FOR
      BREACH OF CONTRACT IS NOT PREEMPTED ...........................16

V.    PLAINTIFF'S THIRD AND FOURTH CLAIMS STATE
      CLAIMS FOR ACCOUNT STATED .....................................18

VI.   PLAINTIFF'S CLAIM FOR CONVERSION IS NOT BARRED
      BY THE STATUTE OF LIMITATIONS .................................19

VII.  DISCOVERY SHOULD BE ORDERED IMMEDIATELY IN ORDER
      TO ALLOW THE FULL MAGNITUDE OF AVON'S INFRINGING
      ACTIVITIES TO BE DETERMINED ...................................22

CONCLUSION ........................................................23

TABLE OF AUTHORITIES

**CASES**

Acorn Structures v. Swantz,
846 F.2d 923, 926 (4th Cir. 1988) ............................... 18

AmBase Corp. v. City Investing Co. Liquidating Trust,
326 F.3d 63, 72 (2d Cir.2003) ...................................... 3

Andrews v, TRW, Inc.,
225 F. 3d 1063, 1066 (9th Cir. 2000) ............................. 9

Architectronics, Inc. v. Control Sys., Inc.,
935 F. Supp 425, 441 (S.D.N.Y. 1996) ) .......................... 17

Ashcroft v. Iqbal,
129 S.Ct. 1937, 1949 (2009) ...................................... 4

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,
493 F.3d 87, 98 (2d Cir.2007) ..................................... 3

Auscape Int'l v. Nat'l Geographic Soc'y,
409 F. Supp. 2d 235, 247 (S.D.N.Y. 2004) ............... 5, 9, 10, 11

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 555 (2007) ...................................... 3, 4

Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,
373 F.3d 296 (2d Cir. 2004) ..................................... 16

Brignoli v. Balch Hardy & Scheinman, Inc.,
645 F. Supp. 1201, 1205 (S.D.N.Y. 1986) ......................... 17

Computer Assocs. Int'l, Inc. v. Altai, Inc.,
982 F.2d 693, 716 (2d Cir. 1992) ................................ 16

Cortec Indus., Inc. v. Sum Holding L.P.,
949 F.2d 42, 47 (2d Cir. 1991) ................................... 4

EMI Music Marketing v. Avatar Records, Inc.,
317 F. Supp.2d 4123, 418 (S.D.N.Y. 2004) ........................ 19

Fowlkes v. Adamec,
432 F.3d 90, 95 (2d Cir.2005) .................................... 3

Franklin Elec. Publishers, Inc. v. Unisonic Products Corp.,
763 F.Supp. 1, 3-4 (S.D.N.Y.1991) .............................. 15

i

Great American Fun Corp. v. Hosung New York Trading Inc.,
935 F.Supp. 488, 489 (S.D.N.Y.1996) ...............................15

Harris v. Simon & Schuster, Inc.,
646 F.Supp.2d 622, 630 (S.D.N.Y. 2009) (Sweet, J) ..................9

Jacobs v. Carnival Corp.,
No. 06 Civ. 0606, 2009 WL 856637, at *4
(S.D.N.Y. Mar. 25, 2009) .........................................15

Kelly v. L.L. Cool J.,
145 F.R.D. 32, 36 (S.D.N.Y. 1992) .............................14, 15

Kramer v. Time Warner, Inc.,
937 F.2d 767, 773 (2d Cir. 1991) .................................4

Krasselt v. Joseph E. Seagram & Sons, Inc.,
No. 01 CV 2821, 2002 WL 1997926, at *1
(S.D.N.Y. Aug. 29, 2002) .........................................15

Kwan v. Schlein,
634 F.3d 224, 228 (2d Cir. 2011) .................................11

Merchant v. Levy,
92 F.3d 51 (2d Cir.1996) .................................9, 10, 11

Nat'l Basketball Ass'n v. Motorola, Inc.,
105 F.3d 841 (2d Cir. 1997) .....................................16

Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.,
991 F.2d 426, 433 (8th Cir. 1993) ...............................18

Nechis v. Oxford Health Plans, Inc.,
421 F.3d 96, 100 (2d Cir.2005) ...................................4

New York v. Seventh Regiment Fund, Inc.,
98 N.Y.2d 249(2002) ..........................................20, 21

Palermo v. Taccone,
913 N.Y.S.2d 859, 863 (N.Y. App. Div. 2010) .....................20

Plunket v. Doyle,
No. 99 Civ. 11006, 2001 WL 175252, at *4
(S.D.N.Y. Feb. 22, 2001) .........................................14

ProCD, Inc. v. Zeidenberg,
86 F.3d 1447, 1454 (7th Cir. 1996) ..............................17

Psihoyos v. John Wiley & Sons, Inc.,
No. 11-Civ-1416, 2011 WL 4916299, at *5
(S.D.N.Y. Oct. 14, 2011) (Rakoff, J.) .........................10, 11

Ronald Litoff Ltd. v. Am. Express Co.,
621 F. Supp 981, 986 (S.D.N.Y. 1985) ............................18

Rosenman Colin Freund Lewis & Cohen v. Neuman,
461 N.Y.S.2d 297, 299 (1st Dep't 1983) .........................19

Roth v. Jennings,
489 F.3d 499, 509 (2d Cir. 2007) ................................4

Salahuddin v. Cuomo,
861 F.2d 40, 42 (2d Cir. 1988) ...............................5, 16

Seals v. Compendia Media Group,
290 F. Supp. 2d 947, 951 (N.D. Ill. 2003) .......................14

Sporn v. MCA Records,
58 N.Y.2d 482, 488 (1983) .......................................21

Stone v. Williams,
970 F.2d 1043, 1048 (2d Cir. 1992) ....................9, 10, 11, 13

Taquino v. Teledyne Monarch Rubber,
893 F.2d 1488, 1501 (5th Cir. 1990) .............................18

Tin Pan Apple v. Miller Brewing Co.,
737 F.Supp. 826, 828 (S.D.N.Y.1990) ............................15

TRW, Inc. v. Andrews,
534 U.S. 19 (2001) ........................................6, 9, 10

Vigilant Ins Co of America v. Housing
Authority of City of El Paso Tex,
87 N.Y.2d 36, 45 (1995) .........................................21

Vigliotti v. N. Shore Univ. Hosp.,
24 A.D.3d 752, 755 (2d Dep't 2005) ..............................14

White Diamond Co. v. Castco, Inc.,
436 F. Supp.2d 615, 623 (S.D.N.Y. 2006) ........................19

iii

## STATUTES

17 U.S.C. § 301 ................................................16

17 U.S.C. § 507(b) ............................................5

## RULES

Fed. R. Civ. P. 12(b)(6) ......................................3

Fed.R.Civ.P. Rule 8(a) ........................................4

## TREATISES

1 *Nimmer on Copyright* § 1.01[B][1][a] ..........................18


3 *Goldstein on Copyright* § 17.2.1.2 ...........................18

iv

Plaintiff Bill Diodato Photography LLC ("Plaintiff") submits this Memorandum of Law in Opposition to the motion of Defendant Avon Products, Inc. ("Avon"), pursuant to F.R.C.P. Rule 12(b)(6) to dismiss all of Diodato's claims.  It is surprising, and completely inappropriate, that Avon would move to dismiss outright all of Plaintiff's claims in this matter.  Such a request is contrary to the law and facts, and requires Avon to fail to acknowledge the parties' tolling agreement. Diodato respectfully requests an Order denying Avon's motion in its entirety.

### PRELIMINARY STATEMENT AND BACKGROUND

Simply put, this case is about Avon acting like it owned things that it only rented.  And this motion to dismiss is about Avon avoiding reckoning for its conduct based on misapplied technicalities. Plaintiff, for years, shot high end fashion for Avon's catalogs. After a shoot Avon would take possession of all of the negatives of the day's shoot and decide which images to use in its catalogs. Plaintiff images were always delivered to Avon subject to a one year usage license with an agreement that additional usage would be subject to additional, negotiated fees.  This is all standard in the fashion/catalog industry. See Declaration of Linda Hilfiker.

Beginning in mid-2009, after stumbling upon an out of license use by Avon (which Avon did not inform Plaintiff about), Plaintiff's agent began contacting Avon to discuss the issue and arrange for proper

1

compensation.  From 2009 to 2010, Plaintiff communicated regularly with Avon and provided specific information regarding several improper uses and requested information about other potential usage by Avon. Avon dragged its heels, refused to provide catalogs, scheduled and cancelled meetings, and ultimately refused to meet with the agent.  In early 2010 Plaintiff engaged counsel to attempt to discover the scope of the improper usage and negotiate an appropriate payment.  Since Avon wanted time and demanded evidence from Plaintiff (evidence which is exclusively in Avon's possession), a tolling agreement ("Tolling Agreement") was executed in order to allow the parties to investigate what is by all accounts a complicated, fact specific inquiry requiring the review of Avon's catalogs and Plaintiff's negatives.

Despite the Tolling Agreement Plaintiff was unable to obtain from Avon either a full set of catalogs or the return of its negatives in order to determine the scope of the improper usage.  Consequently, Plaintiff brought this lawsuit; suing on known, non-time barred improper usage, alleging other potential improper usage which can only be known after discovery of Avon's catalogs and the return of Plaintiff's negatives. Nevertheless, by this motion Avon seeks throw out Plaintiff's entire case based on technicalities (wrongly applied) in an effort to avoid discovery, keep Plaintiff's negatives, and forever bury the scope of their improper usage.

### ARGUMENT IN OPPOSITION

I.    THE LEGAL STANDARD UNDER FED.R.CIV.P 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir.2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." Fowlkes v. Adamec, 432 F.3d 90, 95 (2d Cir.2005) (citation omitted).

"To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations [.]" Twombly, 550 U.S. at 555 (internal quotation marks and citations omitted). Rather, the claim must be "plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citation

omitted).   Thus, the plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully," id., but "does not

impose a probability requirement," Twombly, 550 U.S. at 556, 127

S.Ct. 1955.

Directly applicable to a motion to dismiss under Rule 12(b)(6)

are the requirements of Rule 8(a) of the Federal Rules of Civil

Procedure, that a pleading must contain: (1) a short and plain

statement of the grounds for the court's jurisdiction, unless the

court already has jurisdiction and the claim needs no new

jurisdictional support; (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for

the relief sought, which may include relief in the alternative or

different types of relief. (Fed.R.Civ.P. Rule 8(a)).

Finally, in connection with a Rule 12 motion, the Court generally

may consider "facts stated in the complaint or documents attached to

the complaint as exhibits or incorporated by reference." Nechis v.

Oxford Health Plans, Inc. 421 F.3d 96, 100 (2d Cir.2005); accord

Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).   The

Court may only consider a document not appended to the complaint if

the document is "incorporated in [the complaint] by reference" or is a

document "upon which [the complaint] solely relies and … is integral

to the complaint." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)

(quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d

Cir. 1991)) (emphasis in original).

Plaintiff has set forth in its complaint sufficient allegations to meet all of the requirements set forth above, and dismissal of Diodato's complaint would be without basis and improper. *See* Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) ("Dismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (citation omitted)).

Despite undisputed, improper use of Plaintiff's works Avon seeks not limited dismissal of certain claims (either time barred or preempted), instead it seeks to dismiss outright the entire lawsuit, leaving Diodato with no redress.  Avon may eventually establish that some of the wrongful use is insulated by the statute of limitations. However, the argument that all known and unknown infringement is so insulated is based on a misapprehension of the law and the facts, as well as a stubborn refusal to allow for a proper review.

## II.   DIODATO'S COPYRIGHT INFRINGEMENT CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS.

Section 507(b) of the Copyright Act requires that claims must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b).  Instruction as to when a claim accrues, however, is not found in the statute.  According to Avon, this Court has concluded that copyright claims accrue for statute of limitations purposes on the date of *misconduct,* not the date of discovery, relying predominantly on Auscape Int'l v. Nat'l Geographic Soc'y, 409 F. Supp. 2d 235, 247 (S.D.N.Y. 2004), which, Avon continues, is "ground[ed] in Supreme

5

Court precedent," e.g., <u>TRW, Inc. v. Andrews</u>, 534 U.S. 19 (2001).
(Avon Memo, pp. 7-8).  Because Plaintiff filed suit on February 2,
2012, Avon argues, Plaintiff's (i) claims for copyright infringement
are limited to infringing acts occurring on or after February 2, 2009;
and (ii) Plaintiff's claims are barred by the statute of limitations
because these claims for infringement accrued upon publication, and
all the dates of publication now known occurred prior to 2008.

 Avon's arguments regarding the statute of limitations as a bar to
all of Plaintiff's infringement claims are based on a misapprehension
of the law and a stunning misapprehension (or, more accurately,
misstatement) of the facts.

**A. The Parties Entered Into A Tolling Agreement
Which Fixed The Date of Plaintiff's Claims As Of March 4, 2010.**

 <u>Inexplicably, Avon makes this statute of limitations based
dismissal motion without reference to the Tolling Agreement entered
into by the parties</u>.  Avon argues that February 2, 2012 - the date
Plaintiff commenced this action - is the date from which this Court
should count backwards to compute the three year statute of
limitations.  This is wrong.  Back in 2010 when the parties were
trying to determine the magnitude of the problem and negotiate a
resolution, Plaintiff insisted on a Tolling Agreement as a condition
to refraining from commencing a lawsuit.  The Tolling Agreement
contains an "Effective Date" of March 4, 2010.  Thus, the running of
all unexpired statutes of limitation, and the like, with respect to
Plaintiff's infringement claims, was tolled as of March 4, 2010.  To
wit:

1.   All as yet unexpired statutes of limitation, similar limitation periods, notice periods, and any purported defenses based upon the passage of time including, without limitation, waiver, laches, and estoppels with respect to any claims, causes of action, demands, rights, actions, suits, or proceedings arising from, relating to, or concerning Diodato's claims with respect to unauthorized use of his photographic images are tolled an suspended as of, and shall cease to run from, the Effective Date hereof (the "Tolling Period").

2.   The Parties covenant and agree that the Tolling Period shall not be included in the calculation of any as yet unexpired applicable time periods whether imposed by statute, contract, law, or equity including, without limitation, any time periods for the commencement of any actions, suits, or proceedings; the assertion of any Claims; or the assertion of any defenses based on the passage of time including, without limitation, waiver, laches, or estoppels.

3.   The Parties covenant and agree that the date of interposition of any Claims brought during the Tolling Period shall be deemed the Effective Date, for purposes of any applicable statutes of limitation, similar limitation periods, or any defenses based on the passage of time.

(See Tolling Agreement; Lebowitz Decl., Ex. A.)

Consequently, Avon is wrong in asserting that all of Plaintiff's known infringement claims are barred by the statute of limitations.[1] (Avon's Memo at 9.)

Avon is partially correct in stating that Plaintiff's infringement claim "targets a series of infringements from 2002 to early 2009…" (Avon's Memo at 9). Avon identifies the <u>known</u> infringements identified by Plaintiff. <u>But as the Complaint makes clear, Plaintiff is unable to know the full scope of Avon's</u>

---

[1] Additionally, Plaintiff is still unable to know what infringements may have occurred in 2011 and 2012. As noted above. Avon continues to hold the negatives.

7

infringement since Avon has wrongfully refused to return Plaintiff's
negatives and has also refused to allow a full review of its catalogs
by Plaintiff.  Thus, while Plaintiff has – contrary to Avon's
assertions – adequately plead specific, non time-barred infringement,
there is also a universe of as yet unknown infringement by Avon which
will only be known when Avon is compelled to return Plaintiff's
negatives and produce domestic catalogs for recent years as well as
international catalogs. (See Complaint at ¶¶ 30-34.)

**B.     Application of the More Restrictive Injury Rule Does Not Result
         in Dismissal of All Claims**

The terms of the Tolling Agreement provide that any claim by
Plaintiff for infringement on or after March 4, 2007, would not be
barred by the statute of limitations.   This result – which still
results in denial of the dismissal motion – is the case even if, as
Avon urges, this Court applies the more restrictive "injury rule" and
concludes that Plaintiff's infringement claims accrued on the date of
"injury" or publication.

If, however, Plaintiff's copyright claims accrued on the date of
discovery, then any infringement Plaintiff discovered on or after
March 4, 2007, would not be barred by the statute of limitations, even
if the actual publication occurred prior to March 4, 2007.

As discussed below, the unique facts of this case militate in
favor of finding that the discovery rule should apply.

**C.     Application of the "Discovery Rule" Is Appropriate in this Case.**

The leading opinion in this District for finding that copyright
claims accrue for statute of limitations purposes on the date of

infringement (injury), not the date of discovery, is the 2004 Auscape decision authored by Judge Kaplan.  Prior to Auscape, the majority of courts in the Southern District applied the discovery rule to copyright infringement claims, relying primarily on two Circuit Court cases, Merchant v. Levy, 92 F.3d 51 (2d Cir.1996) and Stone v. Williams, 970 F.2d 1043, 1048 (2d Cir. 1992)), which held that the discovery rule applied to copyright co-ownership claims.. See Auscape, 409 F.Supp2d at 243, n.34 (collecting four cases following the injury rule and nine cases following the discovery rule).  As Avon notes, this Court has previously acknowledged that since Auscape, numerous courts in this Circuit have "concluded that a copyright claim accrues at the time of infringement, rather than at the time of discovery". Harris v. Simon & Schuster, Inc., 646 F.Supp.2d 622, 630 (S.D.N.Y. 2009) (Sweet, J).

Auscape, however, distinguished Merchant and Stone as concerning claims of co-ownership, and not claims of infringement.  Id. at 243. Auscape was informed by the Supreme Court's 2001 decision in TRW, Inc. v. Andrews, 534 U.S. 19. TRW involved a statute of limitations question with respect to the Fair Claims Reporting Act. Id. at 22.  In TRW the Ninth Circuit had applied the general rule that a statute of limitations is governed by the discovery rule.  Andrews v . TRW, Inc., 225 F.3d 1063, 1066 (9th Cir. 2000). The Supreme Court made a narrow ruling, finding Congress had spoken in favor of the injury rule as applied to the FCRA. Id. at 28.  The Court held the application of the injury rule or the discovery rule should be determined by looking at

9

the "text and structure" of an Act. Id. The FCRA contains a two year statute of limitations with one exception allowing for the discovery rule to apply in cases of willful misrepresentation. Id. Thus, the Court found that there would be no need for an exception applying the discovery rule to cases of willful misrepresentation if the discovery rule applied generally to the FCRA. Id.

In Auscape, Judge Kaplan stated that the "text and structure" of the Copyright Act offered no evidence of an intention to have the Act governed by the injury rule or the discovery rule, and remarked that TRW does not address the applicability of the discovery rule where a statute's "text and structure" does not provide the answer. Id.[2] Instead of applying the TRW analysis, therefore, the Auscape court looked to the legislative history of the Copyright Act. Id. at 247. The Auscape court concluded that the legislative history counseled for the application of the injury rule. Id. Based on its analysis of TRW, the Auscape Court presumes TRW called into question the validity of the Second Circuit's prior holdings in Stone and Merchant. 409 F.Supp.2d at 244. ("It is uncertain whether Stone and Merchant remain good law even in the co-ownership context.").

---

[2] The holding in TRW is that where Congress expressly states that the statute of liability runs from "the date on which the liability arises" and expressly enumerates a single exception to that rule, then it follows that "Congress implicitly excluded a general discovery rule by explicitly including a more limited one." TRW, 534 U.S. at 28. Unlike the Fair Claims Reporting Act, which was the subject of TRW, the Copyright Act does not expressly identify the date from which the statute of limitations runs and does not provide any basis for concluding that Congress intended to exclude the discovery rule. See Psihoyos v. John Wiley & Sons, Inc., No. 11-civ-1416, 2011 WL 4916299, at *5 (S.D.N.Y Oct. 14, 2011) (Rakoff, J.) ("the Supreme Court's holding in TRW... applies only where Congress expressly states that the statute of limitations runs from the date on which the liability arises. TRW, 534 U.S. at 28. No such congressional instruction appears in section 507(b).")

Critically, the Second Circuit continues to state that Stone and Merchant remain good law. *See* Kwan v. Schlein, 634 F.3d 224, 228 (2d Cir. 2011) (citing Merchant, 92 F.3d at 56; Stone, 970 F.2d at 1048). Moreover, in a recent decision in the Southern District, Psihoyos v. John Wiley & Sons, Inc., No. 11-Civ-1416, 2011 WL 4916299, at *5 (S.D.N.Y. Oct. 14, 2011) (Rakoff, J.), the Court not only cites to Stone as a basis for applying the discovery rule to infringement claims ("the statute of limitations in copyright infringement cases runs from the time plaintiff discovers the infringing use"), but further writes that "TRW did not change this" rule.   Id.

Based on this analysis it a stretch to argue, as Avon does, that application of the injury rule is based on Supreme Court precedent (Avon Memo at p. 7), but it is also apparent that Stone, and it's application of the discovery rule to copyright infringement claims, is still viewed in a favorable light in this District, post Auscape.

Moreover, even if this Court should find the reasoning of Auscape persuasive, this Court can, and should, still apply the discovery rule to Plaintiff's infringement claims on account of the specific facts of this case and the legislative history analyzed in Auscape.

As previously noted, the Auscape court looked to the legislative history of the Copyright Act, and found that the legislative history counseled for the application of the injury rule. 409 F.Supp.2d at 247.  Noteworthy in the Auscape court's review of the legislative history, was the emphasis by Congress on the public nature of infringement.  To wit:

11

A second inference can be drawn from the Senate Report's express reliance on the record developed at the hearings: Congress, as well as participants in the hearings, intended the three-year period to begin at the date of infringement. At the hearings, it was pointed out that "copyright infringement by its very nature is not a secretive matter." To the contrary, it is "an act which normally involves the general publication of the work or its public performance." The public nature of infringement was an important consideration to Congress in drafting the language of the statute. The Senate Report makes clear that the relevant Senate committee regarded a three-year period as sufficient to provide an "adequate opportunity" for the owner to commence his case precisely because copyright owners generally receive "reasonably prompt notice" of infringement.

Id. (Emphasis added.)

Avon's conduct with respect to its catalogs has been "secretive." Here, Plaintiff's images were not part of a magazine published to the general public at large, or part of a general circulation, where access was open and available. Rather, Plaintiff's images were circulated in Avon's catalogs, which are maintained and managed by specific Avon representatives and are not distributed to the public at large. The only way Plaintiff would have any notice of Avon's infringement, much less reasonably prompt notice, would be if Plaintiff had access to the Avon catalogs.[3]

And Plaintiff did not have such access or luck. Furthermore, even after Plaintiff discovered that Avon had reused certain, limited images beyond the scope of the one year license, Plaintiff could not gain access to Avon's catalogs from prior years to determine if Avon had engaged in additional infringing behavior.

---

[3] Perhaps if Avon rang his bell with the refrain "ding dong…infringement calling."

Thus, since 2009, in an effort to establish the magnitude of the infringement – and settle all claims arising from such infringement – Plaintiff, and his representatives, had been seeking copies of Avon's catalogs and return of its negatives to determine instances of infringement that likely continue through today.

In light of the facts outlined above, this Court should apply the discovery rule and find the statute of limitations did not begin to run until Plaintiff discovered Avon's infringement.   Furthermore this Court should allow discovery to proceed immediately and order the return of Plaintiff's negatives so Plaintiff may finally "discover" the full magnitude of Avon's infringing activities – which Avon continues to hide.

**D.    Equitable Tolling Would Also Be Appropriate in this Case.**

Plaintiff further submits that whatever statute of limitations issues this case may present are not yet ripe for adjudication and it is premature for the Court to address them at this stage.   In connection with considering the statute of limitations, the Court also will need to consider the effect of Avon's alleged fraudulent concealment and/or whether Avon's conduct equitably tolled the statute.   This involves factual determinations of what happened and for how long the statute should be tolled; these determinations must abide discovery.   Fraudulent concealment of a cause of action tolls the statute of limitations.   Stone, 970 F.2d at 1048 ("the law is clear that fraudulent concealment of the existence of a cause of action tolls the running of the statute of limitations").   The refusal

13

by Avon to return Plaintiff's negatives and to produce copies of all domestic and international catalogs, so that a determination of infringement could be made, as is alleged here, constitutes active concealment that tolls the statute of limitations on a copyright claim. *See* Seals v. Compendia Media Group, 290 F. Supp. 2d 947, 951 (N.D. Ill. 2003). Moreover, "[w]hether or not an estoppel should be found is a question of fact ... [and] defendants are not entitled to dismissal of the action at this juncture on statute of limitations grounds." Vigliotti v. N. Shore Univ. Hosp., 24 A.D.3d 752, 755 (2d Dep't 2005) (citations omitted).

The Tolling Agreement has a conclusive effect on Plaintiff's claims addressing post March 4, 2007 use – they are not time-barred. Nevertheless, there remains a need to address the above factual issues, as they may affect pre March 4, 2007 claims. Consequently, consideration of the effect of the statute of limitations in this case should be postponed until after relevant discovery.

## III. Plaintiff's Copyright Infringement Claims Are Adequately Plead

With respect to copyright infringement actions, courts in the Second Circuit are generally in agreement that a plaintiff must allege: "(1) which specific original works are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." Plunket v. Doyle, No. 99 Civ. 11006, 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) (citing, inter alia, Kelly

14

v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992)); *see also* <u>Jacobs</u>
<u>v. Carnival Corp</u>., No. 06 Civ. 0606, 2009 WL 856637, at *4 (S.D.N.Y.
Mar. 25, 2009); <u>Krasselt v. Joseph E. Seagram & Sons, Inc</u>., No. 01 CV
2821, 2002 WL 1997926, at *1 (S.D.N.Y. Aug. 29, 2002).

At this stage of litigation, Plaintiff is not required to specify
exactly which images – of the thousands of images – Plaintiff licensed
to Avon, were reused outside the scope of a given license.  Nor is it
necessary that Plaintiff state exactly which of Avon's domestic and
international catalogs – which remain exclusively in Avon's possession
– contain the images which constitute the infringement. *See* <u>Great</u>
<u>American Fun Corp. v. Hosung New York Trading Inc.</u>, 935 F.Supp. 488,
489 (S.D.N.Y.1996) (refusing to dismiss complaint as insufficiently
specific under Rule 8, even though plaintiff did not allege which of
defendant's works infringed plaintiff's copyrights); <u>Franklin Elec.</u>
<u>Publishers, Inc. v. Unisonic Products Corp.</u>, 763 F.Supp. 1, 3-4
(S.D.N.Y.1991) (deciding that complaint met Rule 8's requirement for
specificity, where complaint alleged that defendant's product
contained "portions copied and/or derived from [plaintiff's]
copyrighted works."); and <u>Tin Pan Apple v. Miller Brewing Co.</u>, 737
F.Supp. 826, 828 (S.D.N.Y.1990) (denying motion to dismiss where
complaint alleged that defendants copied "one or more" of plaintiff's
copyrighted works; <u>"[t]he precise meaning of 'one or more' may be</u>
<u>explored on discovery</u> ...") (Emphasis added.)

Avon cannot seriously argue that they do not have notice of the
claims against them because "the complaint is so confused, ambiguous,

vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin, 861 F.2d at 42.  The allegations therefore satisfy the rule 8 requirements.

## IV.  PLAINTIFF'S SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT IS NOT PREEMPTED

Avon argues that Count II of the Complaint should be dismissed because the breach of contract claim asserts the same subject matter as that protected by copyright law such that the claim is preempted under Copyright Act § 301.  (Avon Mem. at 13.)  However, no part of Count II is preempted since it alleges breaches of provisions of a contract entered into between Plaintiff and Avon that are not equivalent to rights protected under the Copyright Act.  The need to prove these provisions and their breach provides the "extra elements" necessary to avoid preemption.

It is well-established that a state law claim such as breach of contract is not preempted where an "extra element" is "required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute" the cause of action. Computer Assocs. Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 716 (2d Cir. 1992) (emphasis added); accord Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004); Nat'l Basketball Ass'n v. Motorola, Inc., 105 F.3d 841 (2d Cir. 1997).  Here, some of the contracts entered into between Plaintiff and Avon require that in the event Avon is to use catalog images for longer than 1 year, "a fee

must be negotiated prior to use".[4]  In this case, the need to prove

Avon's failure to negotiate a new license agreement and failure to pay

for excessive use provide the "extra elements" necessary to avoid

preemption.

Thus, the thrust of Count II is not that Avon used certain images

in excess of the licensed rights, but that it failed to notify

Plaintiff of additional use, failed to enter into a new license

agreement, and failed to pay license fees due.  Proving breach of

these provisions requires proof of excessive use as a predicate.  No

part of the claim is preempted because this predicate is necessary.

Indeed, where, as here, a claim as a whole is not preempted, it makes

no sense to try to tease apart a claim and argue that certain

predicate allegations are preempted.

Cases in this district make clear that breach of contract claims

alleging breach of agreements to pay for the use of copyrighted works

are not preempted.  Brignoli v. Balch Hardy & Scheinman, Inc., 645 F.

Supp. 1201, 1205 (S.D.N.Y. 1986) ("a promise to pay plaintiff for use

of his product" is "an element beyond unauthorized reproduction and

use").

Indeed, the consensus among courts and commentators is that

breach of contract claims are qualitatively different from copyright

infringement claims and therefore are not preempted.  See

Architectronics, Inc. v. Control Sys., Inc., 935 F. Supp 425, 441

(S.D.N.Y. 1996), citing ProCD, Inc. v. Zeidenberg, 86 F.3d 1447, 1454

---

[4] And when a invoice does not specifically have such a provision it nevertheless
remains the industry custom and practice.  (See Hilfiker Dec. at ¶ 3).

(7th Cir. 1996); <u>Nat'l Car Rental Sys., Inc. v. Computer Assocs.</u> <u>Int'l, Inc.</u>, 991 F.2d 426, 433 (8th Cir. 1993); <u>Taquino v. Teledyne</u> <u>Monarch Rubber</u>, 893 F.2d 1488, 1501 (5th Cir. 1990); <u>Acorn Structures</u> <u>v. Swantz</u>, 846 F.2d 923, 926 (4th Cir. 1988); <u>Ronald Litoff Ltd. v.</u> <u>Am. Express Co.</u>, 621 F. Supp 981, 986 (S.D.N.Y. 1985); 1 *Nimmer on Copyright* § 1.01[B] [1] [a]; 3 *Goldstein on Copyright* § 17.2.1.2 ("Contract law is a good example of a state law that will be immune from preemption under the extra element test."). While contract law may be employed to prohibit the unauthorized reproduction and distribution of a product, it also requires the plaintiff to establish the existence of a bargained for exchange something it need not prove in a cause of action for copyright infringement. 3 Goldstein on Copyright § 17.2.1.2.

Plaintiff's breach of contract claims, based on Avon's breach of promise to pay for additional use of Plaintiff's images are likewise not preempted by the Act and should be permitted to proceed.

**V.   PLAINTIFF'S THIRD AND FOURTH CLAIMS STATE CLAIMS FOR ACCOUNT STATED**

The post license "Infringement Invoices" sent to Avon do satisfy the elements of an account stated.  The original invoices, in addition to the one year license term, also provided that "[i]f catalog images are to be used for longer than 1 year, a fee must be negotiated prior to use."  Consistent with that agreement, and industry custom and practice, when Plaintiff learned of Avon's unauthorized post-term usage, Plaintiff billed Avon for such usage (at original rates, with no increase or penalty).  Avon accepted those invoices and did not

18

object.

The account-stated cause of action is based on the theory that a party that receives an invoice for goods it has ordered and does not dispute the invoice within a reasonable period of time, thereby implicitly promises to pay the invoice. White Diamond Co. v. Castco, Inc., 436 F. Supp.2d 615, 623 (S.D.N.Y. 2006). "If a party receives a statement of balance owed and does not object within a reasonable period of time, then that party is bound by that account 'unless fraud, mistake or other equitable considerations were shown.'" EMI Music Marketing v. Avatar Records, Inc., 317 F. Supp.2d 4123, 418 (S.D.N.Y. 2004) (quoting Rosenman Colin Freund Lewis & Cohen v. Neuman, 461 N.Y.S.2d 297, 299 (1st Dep't 1983)).

## VI.   PLAINTIFF'S CLAIM FOR CONVERSION IS NOT BARRED BY THE STATUTE OF LIMITATIONS

"To establish a cause of action in conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant[s] exercised an unauthorized dominion over the thing in question.... to the exclusion of the plaintiffs rights". "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession ...[.] Two key elements of conversion are (1) plaintiffs possessory right or interest in the property and (2) defendant[s'] dominion over the property or interference with it, in derogation of plaintiff's rights".

19

Palermo v. Taccone, 913 N.Y.S.2d 859, 863 (N.Y. App. Div. 2010)
(internal citations omitted).

The Court of Appeals specifically addressed the question of
accrual of a claim sounding in conversion in New York v. Seventh
Regiment Fund, Inc., 98 N.Y.2d 249(2002).  In Seventh Regiment Fund,
the Court reaffirmed the extensive precedent in this state that there
is difference in accrual between simple conversion and replevin of
stolen property.  In reinforcing this difference, the Court stated,
"[s]ome affirmative act—asportation by the defendant or another
person, denial of access to the rightful owner or assertion to the
owner of a claim on the goods, sale or other commercial exploitation
of the goods by the defendant — has always been an element of
conversion.  Seventh Regiment Fund, 98 N.Y.2d at 260.

Avon appears to concede that such an affirmative act would occur
upon Avon's reuse or re-publication of an image from a Plaintiff
negative, after a respective one year license had terminated (Avon
memo at 22).  However, Avon argues that Plaintiff's cause of action
for conversion accrued upon termination of the licenses (Avon memo at
22).  This is not true.  As Seventh Regiment Fund instructs, and as
Avon concedes, there must be an affirmative act sufficient "to inform
the owner or any other interested party that an interference with
ownership is intended."  (Avon Memo at 22; citing to Seventh Regiment
Fund.)  The silent termination of a license - by its own terms - would
not, without more, serve to inform Plaintiff that Avon intended to
interfere with its right of ownership in the negatives.  It is not

20

sufficient for a defendant to secretly declare ownership, when that declaration does nothing to inform the owner or any other interested party that an interference with ownership is intended. (*see e.g.* Vigilant Ins Co of America v Housing Authority of City of El Paso Tex, 87 N.Y.2d 36, 45 (1995); Sporn v. MCA Records, 58 N.Y.2d 482, 488 (1983)).

Avon's reuse or re-publication of the images from the negatives, would, according to Seventh Regiment Fund, be an act sufficient to inform Plaintiff that Avon intended to interfere with Plaintiff's ownership of the negatives – had Plaintiff known of it. For the purposes of calculating the statute of limitations, the Tolling Agreement fixed the date on which Plaintiff interposed claims against Avon for the unauthorized use of its photographic images, as March 4, 2010. Working backwards then, Plaintiff would be able to assert any claim for conversion which accrued within three (3) years of March 4, 2010 – or March 4, 2007.[5] Here, Plaintiff has attached invoices to its Complaint which reveal the specific year and catalog campaign number where Avon reused and republished Plaintiff's images beyond the scope of a particular license. The majority of Avon's known re-publication occurred in 2007 and 2008.

Accordingly, Plaintiff has set forth a claim for conversion and Avon's motion to dismiss this claim should be denied. The negatives do not belong to Avon. So it remains a mystery why Avon does not simply return the negatives, moot the claim, and stop the accrual of

---

[5] Absent any equitable tolling.

21

damages. To the extent the Court might limit certain conversion damages, Avon should still be compelled to return the property (the negatives).

## VII. DISCOVERY SHOULD BE ORDERED IMMEDIATELY IN ORDER TO ALLOW THE FULL MAGNITUDE OF AVON'S INFRINGING ACTIVITIES TO BE DETERMINED

Avon does not claim to own any of Plaintiff's images; they are indisputably the property of Plaintiff.  To determine the extent of additional, undiscovered examples of infringement, Plaintiff needs to see the catalogs and get back the negatives in order to cross reference the two and then register the infringed images.  The Complaint puts Avon on notice that there are unknown acts of infringement that can only be identified once Avon returns Plaintiff's property.  (Complaints at ¶¶ 30-34.)  Plaintiff fully expects that once Avon is compelled in this case to produce its catalogs and return Plaintiff's negatives there will be significant additional infringements identified.  At which point, Plaintiff will register the infringed images and add those claims.  See F.R.C.P. 12 (d).  Given the factual issues and continuing concealment by Avon, this case requires, at a minimum, discovery prior to ruling on this dispositive motion.

CONCLUSION

For all of the foregoing reasons, Avon's motion to dismiss

Plaintiff's Complaint should be denied in its entirety.

Dated:      May 18, 2012
            New York, New York

                              Lebowitz Law Office, LLC


                              By: _____
                                  Marc A. Lebowitz (ML 7381)
                                  Keith M. Getz (KG 6091)
                                  777 Third Avenue
                                  35th Floor
                                  New York, NY  10017
                                  Tel (212) 682-6818
                                  Fax (212) 682-0030


                                  *Attorneys for Plaintiff*
                                  *Bill Diodato Photography*
                                  *LLC*