```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8|7|12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BILL DIODATO PHOTOGRAPHY LLC,

                                        Plaintiff,                    12 Civ. 847(RWS)

        -against-                                                     OPINION

AVON PRODUCTS, INC.,

                                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

A P P E A R A N C E S:


            Attorney for Plaintiff

            LEBOWITZ LAW OFFICES LLC
            777 Third Avenue, 35th Floor
            New York, NY  10017
            By:  Marc Andrew Lebowitz, Esq.


            Attorney for Defendant

            FROSS ZELNICK LEHRMAN & ZISSU, P.C.
            866 United Nations Plaza
            New York, NY  10004
            By:  Roger L. Zissu, Esq.
                 Alexander Lloyd Greenberg, Esq.

**Sweet, D.J.**

Defendant Avon Products ("Avon" or the "Defendant") has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint (the "Complaint") of Plaintiff Bill Diodato Photography LLC ("Plaintiff") alleging copyright infringement, breach of contract, two counts of account stated and conversion. Based upon the conclusions set forth below, Defendant's motion to dismiss is denied with respect to the Complaint's breach of contract and account stated causes of action and granted with respect to the Complaint's conversion cause of action. Decision with respect to the validity of Plaintiff's copyright infringement cause of action is deferred pending limited discovery on the issue of equitable tolling.

**Prior Proceedings**

On February 2, 2012, Plaintiff filed the Complaint in the Southern District of New York alleging five causes of action, including (1) copyright infringement, (2) breach of contract, (3) account stated with respect invoices sent between October 2004 and October 2008, (4) account stated with

1

respect to an invoice sent in September 2008 and (5)
conversion.  The Complaint seeks a preliminary and permanent
injunction enjoining Defendant from copying or displaying
Plaintiff's images, a preliminary injunction ordering
Defendant to turn over to Plaintiff all of Plaintiff's
negatives, an award of all allowable damages under the
Copyright Act, Plaintiff's full cost and litigation expenses
and other damages.

On April 4, 2012, Defendant filed the present motion
to dismiss.  In accordance with the schedule stipulated by the
parties, the motion was heard on June 13, 2012.  Following
oral argument, Plaintiff requested permission to file a sur-
reply brief addressing arguments raised in Defendant's reply.
The Court granted Plaintiff's request to file a sur-reply and
afforded Defendant the opportunity to file a reply to
Plaintiff's sur-reply.  The motion was marked fully submitted
on July 25.

**The Complaint**

The Complaint alleges the following facts, which are
accepted as true at this stage of the litigation.  Bill

2

Diodato ("Diodato") is a commercial and fine-art photographer whose work has appeared in a variety of magazines. Avon is a global beauty company and the world's largest direct seller. One component of Avon's direct sales apparatus is the use of catalogs to promote its products directly to consumers.

Beginning as early as 2001, Avon retained the services of Plaintiff to perform catalog photography services. The negotiated fee for the license of Diodato's work provided for a limited usage license of one year and a limited scope of use. These limitations were agreed to by Avon and memorialized in invoices provided by Plaintiff to Avon. The invoices also provided that, in the event of a breach, Avon would pay legal fees and that Plaintiff "retains exclusive rights and ownership of all images." At no time did Avon offer to, or did Plaintiff propose that, Avon buy out and own the images. Plaintiff contends that Avon has used Plaintiff's images in various catalogs and online outside the scope of the licenses granted, thereby injuring Plaintiff by engaging in the unlicensed, unauthorized and uncompensated use of Plaintiff's work.

In or about October 2008, Plaintiff sent Avon a
series of invoices for unauthorized use of its images of which
Plaintiff had recently become aware.  These invoices
identified specific unauthorized uses of specific images and
invoiced for the usual rate with no penalty or damages for
copyright infringement.  Plaintiff has annexed copies of these
invoices to the Complaint.  Avon did not object to these
invoices.

In or about September 2010, after Avon allowed
Plaintiff a limited review of Avon's catalogs, Plaintiff sent
Avon a second series of invoices for unauthorized use of its
images of which Plaintiff had become aware during the review
of Avon's catalogs.  Akin to the first series of invoices,
this second series of invoices identified specific
unauthorized images and invoiced for the usual rate with no
penalty or damages for copyright infringement.  Plaintiff has
annexed copies of these invoices to the Complaint.

Plaintiff contends that, because information
regarding Avon's use of Plaintiff's photographs remains in
Avon's sole possession, the full and complete scope of
Defendant's infringing activities and infringing uses of

4

Plaintiff's creative works has not yet been ascertained.
Plaintiff further contends that an opportunity for further
investigation and discovery will yield evidence that Avon's
unauthorized, unlicensed and infringing use of Plaintiff's
work is not limited to the uses identified in either the first
or second series of invoices.

The Complaint also alleges that Plaintiff has
requested that Avon return the negatives Avon has in its
possession, but Avon has refused.

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12, all
factual allegations in the complaint are accepted as true, and
all inferences are drawn in favor of the pleader. Mills v.
Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).  The
issue "is not whether a plaintiff will ultimately prevail but
whether the claimant is entitled to offer evidence to support
the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d
375, 378 (2d Cir. 1995).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.  Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**Defendant's Motion To Dismiss Is Granted In Part And Denied In Part, With Decision Deferred With Respect To Plaintiff's Copyright Infringement Claim**

As noted above, the Complaint alleges five causes of action, including copyright infringement, breach of contract, two counts of account stated and conversion.  Each of these counts will be addressed individually.

## A. Count I: Decision Concerning The Validity Of The Complaint's Copyright Infringement Claim Is Deferred Pending Limited Discovery Concerning Equitable Tolling

### 1. Before The Statute Of Limitations Issue Is Decided, Plaintiff Is Granted Limited Discovery

According to Defendant, Plaintiff's claim for copyright infringement is barred by the statute of limitations.  The Copyright Act's statute of limitations requires infringement actions to be "commenced within three years after the claim accrued."  17 U.S.C. § 507(b).  The statute is silent as to when a plaintiff's copyright infringement action accrues, and the case law in this Circuit is inconsistent as some courts have held that a copyright infringement action accrues at the moment of infringement, while other courts have held that the claim accrues only upon discovery by the plaintiff.  Predictably, Defendant endorses application of the "injury rule," while Plaintiff contends the "discovery rule" to be the correct approach.

#### a. The "Injury Rule" Governs The Accrual Of Plaintiff's Copyright Claim

7

Defendant highlights the decision of the Honorable Lewis A. Kaplan in Auscape International v. National Geographic Society, 409 F. Supp. 2d 235 (S.D.N.Y. 2004).  In Auscape, Judge Kaplan engaged in a thorough discussion of when a claim of copyright infringement accrues, exploring the applicable case law from the Supreme Court and Second Circuit, the text of the Copyright Act statute, the statute's legislative history as well as other considerations.  See Auscape, 409 F. Supp. 2d at 242-48.  After engaging in an exhaustive analysis, Judge Kaplan concluded that "a claim for copyright infringement accrues on the date of the infringement."  Auscape, 409 F. Supp. 2d at 247.  However, notwithstanding Judge Kaplan's holding in Auscape, recent precedent in this District has held the statute of limitations for copyright infringement to run from the time the plaintiff discovers the infringing use.  See Psihoyos v. John Wiley & Sons, Inc., No. 11 Civ. 1416(JSR), 2011 WL 4916299, at *5 (S.D.N.Y. Oct. 14, 2011).  Additionally, Plaintiff contends that the two Second Circuit cases that courts in the Southern District relied upon to apply the "discovery rule" prior to Judge Kaplan's Auscape decision remain valid.  See Merchant v. Levy, 92 F.3d 51 (2d Cir. 1996); Stone v. Williams, 970 F.2d 1043 (2d Cir. 1992).

8

Although neither the Supreme Court nor the Second Circuit has addressed this particular question, "the majority of courts in this Circuit have most recently concluded that a copyright claim accrues at the time of infringement, rather than at the time of discovery." Harris v. Simon & Schuster, Inc., 646 F. Supp. 2d 622, 630 (S.D.N.Y. 2009); see also Belair v. MGA Entm't, Inc., 831 F. Supp. 2d 687, 694 (S.D.N.Y. 2011); Broadvision Inc. v. Gen. Elec. Co., No. 08 Civ. 1478(WHP), 2009 WL 1392059, at *6 (S.D.N.Y. May 5, 2009); Med. Educ. Dev. Servs. Inc. v. Reed Elsevier Grp., PLC, No. 05 Civ. 8665(GEL), 2008 WL 4449412, at *10 (S.D.N.Y. Sept. 30, 2008); Vasquez v. Torres-Negron, No. 06 Civ. 619(CM), 2007 WL 2244784, at *7 (S.D.N.Y. July 11, 2007); Roberts v. Keith, No. 04 Civ. 10079(CSH), 2006 WL 547252, at *3 (S.D.N.Y. Mar. 7, 2006); Chivalry Film Prods v. NBC Universal, Inc., No. 05 Civ. 5627(GEL), 2006 WL 89944, at *1 (S.D.N.Y. Jan. 11, 2006). Given this District's strong precedent establishing the statute of limitations in copyright infringement actions to accrue at the point of infringement, rather than the point of discovery, this Court will apply the "injury rule" in analyzing the timeliness of the Complaint's copyright infringement cause of action.

9

### b. Plaintiff Cannot Rely On A Tolling Agreement Not Pled In The Complaint, But Plaintiff Is Granted An Opportunity To File An Amended Complaint

Plaintiff, in its opposition to Defendant's motion to dismiss, alleges that the parties entered into a tolling agreement, agreeing that the "Effective Date" of Plaintiff's claims would be March 4, 2010.  According to Plaintiff, in 2010 when the parties were attempting to negotiate a resolution to the present dispute, Plaintiff insisted on a tolling agreement as a condition to refraining from commencing a lawsuit, and the parties entered into that tolling agreement, setting March 4, 2010 as the relevant date for statute of limitations purposes.  Plaintiff contends that, even if the Court applies the "injury rule" rather than the "discovery rule" with respect to the statute of limitations, Defendant is liable for infringing acts on or after March 4, 2007.

"A Rule 12(b)(6) motion to dismiss challenges only the face of the pleading.  Thus, in deciding such a motion to dismiss, 'the Court must limit its analysis to the four

10

corners of the complaint.'"  Inesti v. Hicks, No. 11 Civ.

2596(PAC)(AJP), 2012 WL 2362626, at *6 (S.D.N.Y. June 22,

2012) (quoting Vassilatos v. Ceram Tech Int'l, Ltd., 92 Civ.

4574, 1993 WL 177780, at *5 (S.D.N.Y. May 19, 1993)); see also

Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d

Cir. 1998) (in deciding a motion to dismiss, the Court is

confined to "the allegations contained within the four corners

of [the] complaint.").  Because the Complaint does not allege

the existence of the 2010 tolling agreement nor incorporate

this tolling agreement by reference, this Court is unable to

consider that agreement in ruling on Defendant's motion to

dismiss.


        In its reply brief, Defendant contends that

Plaintiff should not be afforded leave to amend the Complaint

to plead the tolling agreement because such an amendment would

be futile.  Defendant bases its argument on the applicability

of New York General Obligations Law § 17-103, which governs

agreements waiving the statute of limitations.  According to

Defendant, where there is an agreement for an indefinite time

period to extend the statute of limitations "applicable to an

action arising out of a contract," it is unenforceable.  N.Y.

Gen. Oblig. Law § 17-103(1).  Here, Defendant characterizes

11

the tolling agreement as one that permits Plaintiff an
indefinite period of time during which to file its claims.
Defendant contends that where Plaintiff's claims are the
outgrowth of a contractual relationship between the parties,
the fact that Plaintiff's complaint sounds in both contract
and tort does not limit the application of the statutory ban
on enforceability.  See T&N PLC v. Fred S. James & Co. of
N.Y., Inc., No. 89 Civ. 7688(CSH), 1993 WL 17336, at *4
(S.D.N.Y. Jan. 21, 1993) (holding tolling agreement invalid
and dismissing both contract and tort claims as time barred
where the complaint "had its genesis in the contractual
relationship between the parties").  Because the relationship
between the parties in the present action had its genesis in
the parties' contractual relationship, Defendant contends that
New York General Obligations Law § 17-103 renders any tolling
agreement unenforceable.  Defendant further contends that
because there is no federal policy that could be affected by
the New York General Obligation Law's prohibition of tolling
agreements of indefinite duration, § 17-103 is applicable in
this case.  See Boyle v. United Techs. Corp., 487 U.S. 500,
507, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988) (holding that
displacement of state law will occur only where significant

12

conflict exists between identifiable federal policy and the
operation of state law).

    In its sur-reply, Plaintiff attacks Defendant's
reasoning concerning the unenforceability of the tolling
agreement.  Plaintiff cites language from the Second Circuit
decision in T&N PLC v. Fred S. James & Co of New York, 29 F.3d
57 (2d Cir. 1994) where the Court describes New York General
Obligation Law § 17-103 as being applicable to "parties to a
contract" and "in a contract action."  T&N PLC, 29 F.3d at 61.
Plaintiff argues that the Supreme Court's Boyle decision is
irrelevant, as New York General Obligations Law § 17-103 is
not applicable to the tolling agreement concerning Plaintiff's
copyright claim.  Plaintiff notes that there is no case in
which New York General Obligation Law § 17-103 was found to
invalidate a tolling agreement that tolled copyright claims or
conversion claims and that every case Defendant cited
concerning § 17-103 applies to claims with the six year
statute of limitations applicable to actions sounding in
contract.

    As noted above, the Complaint has failed to allege
the existence of a tolling agreement, thereby precluding this

Court from considering that agreement in ruling on Defendant's
motion to dismiss.  The enforceability of the alleged tolling
agreement represents a novel issue of state law, and this
Court will refrain from ruling upon that issue unnecessarily.
See Zen Continental Co., Inc. v. Intercargo Ins. Co., 151 F.
Supp. 2d 250, 260 (S.D.N.Y. 2001) ("When exploring unchartered
areas of state law, however, a federal court must be mindful
of its limited expertise in state law . . . and of the
undesirability of reaching out unnecessarily to decide novel
issues of state law.").  As noted below, Plaintiff is granted
leave to file an amended complaint within 20 days, and, in
this amended complaint, Plaintiff is not precluded from
alleging the existence of the tolling agreement.  Should it
become necessary to address the enforceability of the tolling
agreement, this Court will address the issue at the
appropriate time.

### c. Plaintiff Is Granted Limited Discovery To Determine Whether Equitable Tolling Is Applicable

With respect to the statute of limitations,
Plaintiff also contends that equitable tolling would be
appropriate in this case.  According to Plaintiff, Defendant

14

has engaged in fraudulent concealment, as Defendant has
refused to return Plaintiff's negatives and has failed to
produce copies of all domestic and international catalogs so
that a determination of infringement can be made.  Plaintiff
contends that consideration of the effect of the statute of
limitations in this case should be postponed until after
relevant discovery.

"The doctrine of equitable tolling applies only in
'rare and exceptional circumstances' to allow a complainant to
file a claim outside the applicable limitations period." Boyd
v. J.E. Robert Co., No. 05-cv-2455(KAM)(RER), 2011 WL 477547,
at *7 (E.D.N.Y. Feb. 2, 2011) (quoting Bertin v. United
States, 478 F.3d 489, 494 n.3 (2d Cir. 2007)).  "Generally,
the doctrine applies only where, 'because of some action on
the defendant's part, the complainant was unaware that the
cause of action existed.'" Id. (quoting Long v. Frank, 22
F.3d 54, 58 (2d Cir. 1994)).  "Equitable tolling based on
fraudulent concealment can apply in federal court if a
plaintiff establishes that: (1) the defendant wrongfully
concealed material facts relating to defendant's wrongdoing;
(2) the concealment prevented plaintiff's discovery of the
nature of the claim within the limitations period; and (3)

15

plaintiff exercised due diligence in pursuing the discovery of
the claim during the period plaintiff seeks to have tolled."
Koch v. Christie's Int'l PLC, 785 F. Supp. 2d 105, 116
(S.D.N.Y. 2011) (citing Corcoran v. N.Y. Power Auth., 202 F.3d
530, 543 (2d Cir. 1999)).  A claim of fraudulent concealment
must be pled with particularity, in accordance with the
heightened pleading standards of Fed. R. Civ. P. 9(b).  See
Nat'l Grp. for Commc'ns & Computers, Ltd. v. Lucent Techs.
Inc., 420 F. Supp. 2d 253, 265 (S.D.N.Y. 2006).  "Even 'absent
fraudulent concealment,' however, equitable tolling may apply
in the presence of specific 'special circumstances' where 'a
reasonable plaintiff in the circumstances would have been
[un]aware of the existence of a cause of action.'"  Boyd, 2011
WL 477547, at *8 (quoting Veltri v. Building Serv. 32B-J
Pension Fund, 393 F.3d 318, 323 (2d Cir. 2004)).  "Yet, while
a plaintiff need not show fraudulent concealment in the
presence of certain 'special circumstances,' such a plaintiff
must still demonstrate due diligence in order to invoke the
equitable tolling doctrine."  Id.

        Here, the Complaint alleges that "information
regarding Avon's use of plaintiff's photographs remains in
Avon's sole possession," Compl. ¶ 27, that "Avon's refusal to

fully disclose usage information to plaintiff is, at least in part, an effort to limit its liability and potential exposure to claims of copyright infringement," Compl. ¶ 31, and that "Avon's efforts to conceal usage information from plaintiff further demonstrate that its conduct is willful," Compl. ¶ 32. Additionally, attached to the Complaint is an invoice dated October 10, 2008 from Plaintiff to Defendant in which Plaintiff states, "International fees for the use of Bill Diodato's images from year 2002, year 2004 and 2008.  We have yet to deduce if these images were used in other Countries in other years.  We are left to believe that these images have been used throughout as Avon has not provided us with catalogs from 2003 through 2009."  As such, the Complaint alleges that Defendant wrongfully concealed material facts relating to its wrongdoing, that Defendant's concealment prevented Plaintiff from discovering the extent of Defendant's alleged infringement and that Plaintiff, by requesting 2003-2009 catalogs as early as October 2008, exercised its due diligence in pursuing the discovery of the claim.  Because Plaintiff has identified what material was withheld, how the withholding of that material delayed Plaintiff's discovery of its claims and how Plaintiff diligently sought to uncover its claims, the Complaint contains sufficient allegations to satisfy the

17

pleading standards of Fed. R. Civ. P. 9(b).  Additionally,
these allegations establish "special circumstances" where a
reasonable plaintiff would have been unaware of the existence
of its cause of action.

Before deciding the issue of whether the statute of
limitations precludes Plaintiff's cause of action, Plaintiff
is afforded limited discovery to pursue its theory of
equitable tolling.  In adopting this course, this Court is
following the procedure adopted by the Honorable Harold Baer,
Jr. in the case of Kalaras v. Manhattan Eye, Ear and Throat
Hospital, No. 95 Civ. 7784, 1996 WL 727439, at *2 (S.D.N.Y.
Dec. 18, 1996).  In Kalaras, Defendant Manhattan Eye, Ear and
Throat Hospital moved to dismiss Plaintiff Kalaras' amended
complaint, which alleged wrongful termination on the basis of
age, on grounds that the plaintiff's claim was barred by the
statute of limitations.  Kalaras contended that equitable
tolling saved her claim, as the defendant allegedly misled
Kalaras by misrepresenting the reason for her termination.
Judge Baer, in ruling on the defendant's motion, held:

> I have construed plaintiff's amended complaint liberally
> and drawn all inferences in her favor, as I must on this
> motion [citation omitted], and while I find that

18

plaintiff has failed to present facts and circumstances
sufficient to meet the test for equitable tolling
explained in Cerbone [v. International Ladies' Garment
Workers' Union, 768 F.2d 45, 49 (2d Cir. 1985)], she
comes close.  While the plaintiff failed to request the
right to replead in answering this motion, or for that
matter, in the initial motion to dismiss, I am prepared
as a consequence of the allegations in the amended
complaint to allow a limited amount of discovery.
Plaintiff may take up to three depositions and the
defendant may depose the plaintiff, with all questioning
limited to the statute of limitations issues.  A
similarly circumscribed document request will also be
permitted.  This limited discovery is to be completed by
January 31, 1997.  If there is new and different material
developed, plaintiff may supplement her response to the
motion and defendant may answer, all on or before March
7, 1997.  Failing service of supplemental papers by that
date, the motion will be granted.


Kalaras, 1996 WL 727439, at *2.


        Given the allegations in the Complaint suggesting

fraudulent concealment and the presence of "special

circumstances" under which a reasonable plaintiff would have

been unaware of its cause of action, Plaintiff is hereby

granted limited discovery to develop its equitable tolling

theory.  Plaintiff is granted permission to submit to

Defendant a document request for the allegedly withheld

negatives and domestic and international catalogs.  Both sides

may depose up to three witnesses, with all questions limited

to the statute of limitations issues.  This limited discovery

19

is to be completed within 45 days.  Both parties may
supplement their motion papers, with Plaintiff's submission
due within one week following the limited discovery deadline,
and Defendant's reply due within one week following
Plaintiff's submission.

Decision regarding whether Plaintiff's copyright
infringement cause of action is precluded by the statute of
limitations is deferred pending review of these supplemental
submissions.  Should the filing of an amended complaint
eliminate Plaintiff's need to employ the equitable tolling
doctrine, Plaintiff will notify Defendant and the Court.

### 2. The Complaint Pleads A Valid Cause Of Action For Copyright Infringement

"A properly pled copyright infringement claim must
allege 1) which specific original works are the subject of the
copyright claim, 2) that plaintiff owns the copyrights in
those works, 3) that the copyrights have been registered in
accordance with the statute, and 4) by what acts during what
time the defendant infringed the copyright."  Kelly v. L.L.
Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992).  According to

20

Defendant, the Complaint's copyright infringement claim fails

because Plaintiff fails to plead both the specific identity of

the allegedly infringed works and the identity of Plaintiff's

registrations for such works.

The Complaint alleges that

In or about October 2008 plaintiff Diodato LLC sent Avon
a series of invoices for unauthorized uses of its images
which plaintiff had recently discovered (the "2008
Infringement Invoices").  The 2008 Infringement Invoices
identified specific unauthorized uses of specific images
and invoiced for the usual rate, with no penalty or
damages for copyright infringement.  Copies of the 2008
Infringement Invoices are annexed hereto as Exhibit A.

. . .

In or about September 2010, after Avon allowed plaintiff
Diodato LLC a limited review of Avon's catalogues (the
"Limited Review"), Diodato LLC sent Avon a series of
invoices for unauthorized uses of its images which
plaintiff discovered in the Limited Review (the "2010
Infringement Invoices").  The 2010 Infringement Invoices
identified specific unauthorized uses of specific images
and invoiced for the usual rate, with no penalty or
damages for copyright infringement.  Copies of the 2010
Infringement Invoices are annexed hereto as Exhibit B.

Compl. ¶¶ 23, 25.  The invoices included in Exhibit A include

various titles or descriptions of Plaintiff's images,

including "Charlotte Dodds imagery," "Sensual Embrace" and

"young woman with silver made up face images."  The Exhibit B

invoices include both generic descriptions of images
accompanied by the name of a particular campaign as well as
specific titles, including "images from year 2004_campaign 1
and 2007_campaign 1. 3 beauty images and 2 eye images / Lisa
Butler imagery," "images from year 2004_campaign 1 and
2007_campaign 2. 2 beauty images / imagery of Kat from Karin
Models," "images from year 2007_campaign 3 pages 58. 1 beauty
image / imagery of Jara," "images from year 2007_campaign 7
page 45. 1 beauty image / imagery of beauty," "images from
year 2004_campaign 1 and 2007_campaign 8 pg. 16 and campaign
16 pg. 18 / Imagery of Nicole Trunfio," "images from year
2007_campaign 29 and year 2008_campaign 2 ad 10. -4 images
total / Imagery of beauty and jewelry," "images from year
2007_campaign 1, 10, 18 and 20. 6 images total / imagery of
beauty and jewelry," among others.  The invoices in Exhibits A
and B also include columns detailing the number of images used
and where the images were used, i.e. "Year 2002 (Spanish
campaign 17)," "Year 2003 (US campaign 4)," "year 2003 (US
Campaign 1, 5 and 13)," etc.  As such, Defendant's contention
that the Complaint fails to identify the infringed or
infringing works is false, as the Complaint lists which of
Plaintiff's images were used and where Defendant allegedly
used them.

Defendant contends that the Complaint is deficient in that Plaintiff fails to identify Plaintiff's registrations for the works involved.  According to Defendant, because Plaintiff neither attaches any copyright registration certificates nor lists the corresponding registration numbers, Plaintiff has failed to allege that it owns a registered copyright in the material.  Under the Copyright Act, registration of the copyright is a "precondition to filing a claim."  Reed Elsevier, Inc. v. Mucnick, 130 S.Ct. 1237, 1247, 176 L.Ed.2d 18 (2010) (citing 17 U.S.C. § 411(a)).  In its motion to dismiss, Defendant cites the Reed Elsevier decision, but does not provide support for its contention that Plaintiff's cause of action must be dismissed at the motion to dismiss stage of the litigation because Plaintiff has not attached copyright registration certificates or registration numbers to the Complaint.  The facts alleged in the Complaint, which are accepted as true at this stage of the litigation, expressly state that "Plaintiff has a registered copyright in the creative works identified herein."  Compl. ¶ 36. Accordingly, Plaintiff has fulfilled the precondition of alleging that it holds a registered copyright.

23

The Complaint alleges which works are the subject of
Plaintiff's copyright cause of action, that Plaintiff owns the
copyrights in these works, that the copyrights have been
registered and by what acts during what time Defendant
infringed these copyrights.  As such, although the timeliness
of the Complaint remains an undecided issue, the Complaint
states a substantively valid cause of action for copyright
infringement.

### B. Count II: The Complaint States A Valid Claim For Breach Of Contract

#### 1. The Breach of Contract Claim Is Not Preempted by the Copyright Act

Defendant contends that Plaintiff's breach of
contract claim is preempted by its Copyright Act claim.  "When
Congress amended the Copyright Act in 1976, it provided for
the preemption of state law claims that are interrelated with
copyright claims in certain ways." Nat'l Basketball Ass'n v.
Motorola, Inc., 105 F.3d 841, 848 (2d Cir. 1997).  Pursuant to
17 U.S.C. § 301, "[t]he Copyright Act exclusively governs a
claim when: (1) the particular work to which the claim is
being applied falls within the type of works protected by the

24

Copyright Act . . . and (2) the claim seeks to vindicate legal
or equitable rights that are equivalent to one of the bundle
of exclusive rights already protected by copyright law . . .
." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d
296, 305 (2d Cir. 2004). The first requirement "is satisfied
if the claim applies to a work of authorship fixed in a
tangible medium of expression and falling within the ambit of
one of the categories of copyrightable works." Id. That
requirement is satisfied here. The second requirement "is
satisfied only when the state-created right may be abridged by
an act that would, by itself, infringe one of the exclusive
rights provided by federal copyright law." Id. (citing
Computer Assocs. Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 716
(2d Cir. 1992)). That is, (1) "the state law claim must
involve acts of reproduction, adaption, performance,
distribution or display"; and (2) "the state law claim must
not include any extra elements that make it qualitatively
different from a copyright infringement claim." Briarpatch
Ltd., 373 F.3d at 305. With respect to the "extra element"
requirement, courts examine "what [the] plaintiff seeks to
protect, the theories in which the matter is thought to be
protected and the rights sought to be enforced." Computer
Assocs., 982 F.2d at 716.

25

According to Plaintiff, no part of the breach of
contract claim is preempted because it alleges breaches of
provisions of a contract entered into between Plaintiff and
Defendant that are not equivalent to rights protected under
the Copyright Act.  For example, some of the contracts entered
into between Plaintiff and Defendant require that, in the
event Defendant is to use catalog images for longer than one
year, "a fee must be negotiated prior to use."  Thus,
Plaintiff contends that it is alleging a claim that involves
Defendant's failure to negotiate a new license agreement and
failure to pay for excessive use, thereby providing the "extra
elements" necessary to avoid preemption.  According to
Defendant, Plaintiff is alleging only that an agreement
between the two parties has been breached because Defendant
"reus[ed] Diodato's copyrighted images," Compl. ¶ 49, thus
"infringing on Plaintiff's exclusive rights to control the
reproduction, use distribution and sale of its creative
works."  Compl. ¶ 29.  As such, Defendant contends that the
breach of contract claim is a repackaging of Plaintiff's
copyright infringement claim.

The Complaint alleges that "[b]y using Diodato LLC's
copyrighted images, AVON breached the one (1) year limited
usage license set forth in the Original Invoices," that "[b]y
using Diodato LLC's copyrighted images in international
catalog campaigns, AVON breached the scope of use set forth in
the Original Invoices, which limited the scope of use to
United States catalogs," that "Diodato LLC has, at all times
fully performed all of its obligations to AVON under the
Original Invoices," and that "[b]y virtue of AVON's breach,
Diodato LLC has been damaged in an amount to be determined at
trial."  Compl. ¶¶ 49-52.  "The Court of Appeals has not
addressed whether the promise inherent in every contract is
sufficient to establish an 'extra element.'"  BroadVision Inc.
v. Gen. Elec. Co., No. 08 Civ. 1489, 2008 WL 4684114, at *4
(S.D.N.Y. Oct. 15, 2008).  However, cases in this District
establish that breach of contract claims alleging breach of
agreements to pay for the use of copyrighted works are not
preempted.  Brignoli v. Balch Hardy & Scheinman, Inc., 645 F.
Supp. 1201, 1205 (S.D.N.Y. 1986) ("a promise to pay plaintiff
for use of his product" is "an element beyond unauthorized
reproduction and use"); see also Architectronics, Inc. v.
Control Sys., Inc., 935 F. Supp. 425, 441 (S.D.N.Y. 1996)
("[T]he consensus among courts and commentators appears to be

27

that breach of contract claims are qualitatively different
from claims for copyright infringement and therefore are not
preempted.") (collecting cases).  As such, the Copyright Act
does not preempt Plaintiff's breach of contract claims.

### 2. The Complaint Alleges Sufficient Facts To Assert A Claim for Breach of Contract

"Under New York law, an action for breach of
contract requires proof of (1) a contract; (2) the performance
of the contract by one party; (3) breach by the other party;
and (4) damages." First Investors Corp. v. Liberty Mut. Ins.
Co., 152 F.3d 162, 168 (2d Cir. 1998) (citations and internal
quotation marks omitted).  Defendant contends that there is no
contract at issue in this litigation.  According to Defendant,
because Plaintiff's only complaint relating to Defendant's
publication of the photographs is that Defendant used the
licensed images beyond the limited one-year term, it follows
that the term of the licenses at issue has ended.  Since these
licenses have expired, the terms of these licenses do not
apply to conduct occurring post-termination.  Even if these
agreements did apply, under New York law, a "promise to
perform a pre-existing legal obligation does not amount to

28

consideration," Murray v. Northrop Grumman Info. Tech., Inc.,
444 F.3d 169, 178 (2d Cir. 2006), so an agreement prohibiting
Defendant from using the photographs outside the scope of the
licenses would be invalid for lack of consideration.

Defendant, however, is incorrect in its
interpretation of Plaintiff's breach of contract claim.  As
described above, the Complaint pleads that Defendant's reuse
of Plaintiff's photographs as well as Defendant's use of the
photographs internationally violated an agreement between the
parties.  The Complaint alleges that Plaintiff has fully
performed its obligations under the agreement and that
Plaintiff has been damaged.  These allegations provide a
sufficient factual basis for a breach of contract claim.
Defendant provides no support for his argument that the
agreement at issue here is an expired licensing agreement
without any legal authority.  The case law Defendant cites
(from the Western District of Louisiana) is not applicable to
the facts presented here, as the sole issue involved a
district court's determination that a case involving non-
diverse parties and state law claims including breach of
contract could not be removed on preemption grounds based on
the defendant's assertion that the cases involved copyright

29

infringement.  See Def. Br. at 17 (citing Patry on Copyrights'
discussion of Crooks v. Certified Computer Consultants, Inc.,
92 F. Supp. 2d 582, 587 (W.D. La. 2000)).  Because the
Complaint alleges the elements necessary to bring a cause of
action for breach of contract, Defendant's motion to dismiss
the breach of contract claim is denied.


### C. Counts III & IV: The Complaint States A Valid Claim For Account Stated

An account stated claim requires "an agreement
between the parties to an account based upon prior
transactions between them . . . ."  LeBoeuf, Lamb, Greene &
MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999)
(internal quotation marks and citations omitted).  "To state a
claim for an account stated, the plaintiff must plead that:
(1) an account was presented; (2) it was accepted as correct;
and (3) debtor promised to pay the amount stated."  IMG
Fragrance Brands, LLC v. Houbigant, Inc., 679 F. Supp. 2d 395,
411 (S.D.N.Y. 2009) (internal quotation marks and citations
omitted).  An agreement to pay the account presented "may be
implied if a party receiving a statement of account keeps it
without objecting to it within a reasonable time or if the

30

debtor makes partial payment." Worsham, 185 F.3d at 64
(internal quotation marks and citations omitted). "[U]nless
fraud, mistake or other equitable considerations are shown,
the party who receives a statement of account must examine the
statement and make all necessary objections in order to avoid
implication of an agreement." Feingold v. Chrismas, 818 F.
Supp. 2d 763, 768-69 (S.D.N.Y. 2011) (citing Kramer, Levin,
Nessen, Kamin & Frankel v. Aronoff, 638 F. Supp. 714, 719
(S.D.N.Y. 1986)).


          According to Defendant, the fact that invoices were
sent illustrates that the parties had not come to an agreement
regarding the appropriate amount to be charged.  Defendant
contends that the parties here were no longer engaged in an
ongoing business relationship, that Plaintiff was merely
demanding payment and that these demands for payment were not
met with silence but rather led to meetings by the parties and
their counsel to review the facts and negotiate a resolution.
To support its position, Defendant cites the 1916 New York
Court of Appeals case Newburger-Morris Co. v. Talcott, in
which then-Judge Cardozo stated, "There is no doubt that an
account stated may sometimes result from the retention of
accounts current without objection.  But the rest does not

31

always follow.  It varies with the circumstances that surround

he submission of the statements, and those circumstances

include, of course, the relation between the parties."  219

N.Y. 505, 511, 114 N.E. 846 (1916).


        As noted above, in evaluating a motion to dismiss,

the issue "is not whether a plaintiff will ultimately prevail

but whether the claimant is entitled to offer evidence to

support the claims." Villager Pond, 56 F.3d at 378.  Here,

the Complaint alleges that Plaintiff sent various invoices to

Defendant and that Defendant did not object to those invoices.

As such, the Complaint pleads sufficient facts to establish a

claim for account stated, and Defendant's motion to dismiss

the two account stated counts of the Complaint is denied.


**D. Count V: The Complaint Fails To State A Claim For
Conversion**


        The Complaint's claim for conversion fails because

it is barred by the statute of limitations.  A claim for

conversion under New York law has a three-year statute of

limitations and accrues upon the act of conversion,

"regardless of when the conversion is discovered." Seneca

32

Ins. Co. v Wilcock, No. 01 Civ. 7620(WHP), 2002 WL 1067828, at
86 (S.D.N.Y. May 28, 2002) (citing Lennon v. Seaman, 63 F.
Supp. 2d 428, 440 (S.D.N.Y. 1999)); see also Marvel Worldwide,
Inc. v. Kirby, 756 F. Supp. 2d 461, 469 (S.D.N.Y. 2010)
("Conversion claims have a three-year statute of limitations
in New York.") (citing N.Y. C.P.L.R. § 214(3)).  The statute
begins to run "from the date conversion takes place and not
from discovery or the exercise of diligence to discover."
Vigilant Ins. Co. of Am. v. Housing Auth., 87 N.Y.2d 36, 44,
637 N.Y.S.2d 342, 660 N.E.2d 1121 (1995).


        According to the Complaint, "Defendant has converted
plaintiff's negatives by wrongfully retaining possession of
said photographs without right or permission, and to be the
exclusion of plaintiff, despite plaintiff's numerous demands."
Compl. ¶ 64.  This claim accrued as soon as Defendant
"exercised ownership over the [negatives], to the exclusion of
[Plaintiff's] rights."  State of N.Y. v. Seventh Regiment
Fund, Inc., 98 N.Y.2d 249, 259, 746 N.Y.S.2d 637, 774 N.E.2d
702 (2002).  Since Plaintiff's licenses to Defendant were
limited to one year in duration, Defendant exercised unlawful
control over Plaintiff's property by retaining the negatives
longer than the term of this one-year licensing agreement.

33

See Citizens Nat'l Bank v. Osetek, 353 F. Supp. 958, 963
(S.D.N.Y. 1973) ("The controlling law of New York is clear
that any unjustified exercise of dominion over property by one
who is not the owner of the property and who is not entitled
to possession of the property which interferes with the right
to possession of another who is lawfully entitled to such
possession is a conversion.").

     Plaintiff contends that, under the New York Court of
Appeals holding in Seventh Regiment Fund, "[s]ome affirmative
act—asportation by the defendant or another person, denial of
access to the rightful owner or assertion to the owner of a
claim on the goods, sale or other commercial exploitation of
the goods by the defendant—has always been an element of
conversion."  Seventh Regiment Fund, 98 N.Y.2d at 260.
Because there was no affirmative act sufficient "to inform the
owner or any other interested party that an interference with
ownership is intended," id., Plaintiff contends that the
"silent termination" of the one-year licensing agreements is
insufficient for the conversion claim to accrue.
Additionally, according to Plaintiff, the tolling agreement
sets the relevant statute of limitations date at March 4,
2010, which means any claim of conversion is valid if based on

34

facts after March 4, 2007.  Plaintiff contends that, as noted
in the invoices attached to the Complaint, Defendant, on
several occasions, engaged in the known re-publication of
images in 2007 and 2008, thereby establishing a valid cause of
action for conversion.

        Notwithstanding Plaintiff's contentions, the
Complaint's cause of action for conversion is premised on the
fact that Defendant's "wrongfully retaining possession of said
photographs without right or permission, and to the exclusion
of plaintiff, despite plaintiff's numerous demands."  Compl. ¶
64.  Plaintiff had notice of its conversion claim as soon as
Defendant did not return the negatives following the lapse of
the one-year licensing agreement.  As such, Plaintiff's cause
of action for conversion accrued when Defendant did not return
the negatives upon termination of the one-year licenses.
Since the latest of these one-year licenses terminated in
2007, the three-year statute of limitations for conversion
claims precludes Plaintiff from bringing a conversion cause of
action in the Complaint, which was filed in February 2012.[1]

---

[1]     As noted above in the discussion of Plaintiff's copyright
claim, the alleged tolling agreement was not plead in the
Complaint and, therefore, cannot be considered when deciding
the present motion to dismiss.

Unlike Plaintiff's first cause of action alleging copyright infringement, Plaintiff's conversion cause of action raises no issue with respect to the doctrine of equitable tolling.  Accordingly, the discovery permitted with respect to the statute of limitations issues is limited to Plaintiff's copyright infringement cause of action.

### E. Plaintiff Is Granted Leave To Replead

Although Defendant requests that Plaintiff be denied leave to replead, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead."  Schindler v. French, 232 Fed. Appx. 17, 19 (2d Cir. 2007) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)).  Accordingly, Plaintiff is granted leave to replead within twenty days.

### Conclusion

Based on the conclusions set forth above, the Defendant's motion to dismiss is denied with respect to the Complaint's breach of contract and account stated causes of

36

action and granted with respect to the Complaint's conversion cause of action.  Decision regarding the applicability of the statute of limitations to Plaintiff's copyright infringement action is deferred pending limited discovery relating to that issue.  Plaintiff is afforded leave to replead within twenty days.

It is so ordered.

New York, NY
August 5 , 2012

ROBERT W. SWEET
U.S.D.J.

37