UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

BILL DIODATO PHOTOGRAPHY LLC,

                       Plaintiff,          12 Civ. 847(RWS)

    -against-                     OPINION

AVON PRODUCTS, INC.,

                       Defendant.

------------------------------------X

A P P E A R A N C E S:

USD‎
DOC‎
ELEC‎
DOC #: _____
DATE FILED: 9/21/12

Attorney for Plaintiff

LEBOWITZ LAW OFFICES LLC
777 Third Avenue, 35th Floor
New York, NY  10017
By:  Marc Andrew Lebowitz, Esq.
     Keith M. Getz, Esq.


Attorney for Defendant

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY  10004
By:  Roger L. Zissu, Esq.
     Alexander Lloyd Greenberg, Esq.

**Sweet, D.J.**

Defendant Avon Products ("Avon" or the "Defendant") has moved pursuant to Local Civil Rule 6.3 for reconsideration of a portion of this Court's opinion dated August 7, 2012 denying Defendant's Rule 12(b)(6) motion to dismiss (the "August 7 Opinion"). Specifically, Defendant contends that the August 7 Opinion erroneously failed to dismiss the claims for breach of contract and account stated because the Court overlooked agreements that Defendant presented with its motion to dismiss. Plaintiff Bill Diodato Photography LLC ("Plaintiff") has opposed Defendant's motion. Based upon the conclusions set forth below, Defendant's motion to reconsider is granted. Upon review of the agreements properly before the Court, it is determined that Plaintiff has pleaded a valid claim for breach of contract, but Plaintiff's claims for account stated are dismissed.

## Prior Proceedings

A detailed recitation of the prior proceedings and the facts alleged in Plaintiff's complaint is provided in the August 7 Opinion. See Bill Diodato Photography LLC v. Avon

1

Prods., No. 12 Civ. 847, 2012 WL 3240428, at *1-2 (S.D.N.Y. Aug. 7, 2012). Familiarity with those prior proceedings and alleged facts is assumed.

On February 2, 2012, Plaintiff filed its complaint in the Southern District of New York alleging five causes of action, including (1) copyright infringement, (2) breach of contract, (3) account stated with respect invoices sent between October 2004 and October 2008, (4) account stated with respect to an invoice sent in September 2008 and (5) conversion. On April 4, 2012, Defendant filed a motion to dismiss all five counts pursuant to Fed. R. Civ. P. 12(b)(6). The August 7 Opinion granted Defendant's motion to dismiss with respect to Plaintiff's conversion cause of action, but denied Defendant's motion to dismiss with respect to Plaintiff's breach of contract and account stated causes of action. Decision with respect to the validity of Plaintiff's copyright infringement cause of action was deferred pending limited discovery on the issue of equitable tolling. See Avon Prods., 2012 WL 3240428, at *12.

2

On August 20, 2012, Defendant filed the pending
motion to reconsider.  The motion was marked fully submitted
on September 10.

## The Applicable Standard

Defendant requests reconsideration of the August 7
Opinion pursuant to Local Civil Rule 6.3.  The standard
governing motions under Local Civil Rule 6.3 is the same as
that governing motions made pursuant to Fed. R. Civ. P. 59,
see Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372,
375 (S.D.N.Y. 2007), and a court may grant reconsideration
where "the moving party can point to controlling decisions or
data that the court overlooked — matters, in other words, that
might reasonably be expected to alter the conclusion reached
by the court."  Id. at 376.  Additionally, the party moving
for reconsideration can obtain relief by demonstrating an
"intervening change in controlling law, the availability of
new evidence, or the need to correct a clear error or prevent
manifest injustice."  Id. (quotation marks and citations
omitted); Parrish v. Sollecito, 253 F. Supp. 2d 713, 715
(S.D.N.Y. 2003) ("Reconsideration may be granted to correct
clear error, prevent manifest injustice or review the court's

3

decision in light of the availability of new evidence.")
(citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956
F.2d 1245, 1255 (2d Cir. 1992)); Catskill Dev., L.L.C. v. Park
Place Entm't Corp., 154 F. Supp. 2d 696, 701-02 (S.D.N.Y.
2001) (granting reconsideration due to the court's erroneous
application of a statute).  The moving party must demonstrate
controlling law or factual matters put before the court on the
underlying motion that the movant believes the court
overlooked and that might reasonably be expected to alter the
court's decision.  See Linden v. Dist. Council 1707-AFSCME,
415 Fed. Appx. 337, 338-39 (2d Cir. 2011) (affirming dismissal
of reconsideration motion as movant did not identify any
relevant facts or controlling authority that the lower court
overlooked); Lichtenberg v. Besicorp Grp. Inc., 28 Fed. Appx.
73, 75 (2d Cir. 2002) (affirming dismissal of reconsideration
motion where movant "failed to demonstrate that the [lower]
court overlooked any fact of consequence or controlling legal
authority at the time the court decided [the case]").

        The reason for the rule confining reconsideration to
matters that were "overlooked" is to "ensure the finality of
decisions and to prevent the practice of a losing party
examining a decision and then plugging the gaps of a lost

4

motion with additional matters." Polsby v. St. Martin's
Press, Inc., No. 97 Civ. 690(MBM), 2000 WL 98057, at *1
(S.D.N.Y. Jan. 18, 2000) (citation and quotation marks
omitted).  A court must narrowly construe and strictly apply
Local Civil Rule 6.3, so as to avoid duplicative rulings on
previously considered issues, and to prevent the rule from
being used as a substitute for appealing a final judgment.
See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA
Litig., 08 M.D.L. No. 1963, 2009 WL 2168767, at *1 (S.D.N.Y.
Jul. 16, 2009) ("A motion for reconsideration is not a motion
to reargue those issues already considered when a party does
not like the way the original motion was resolved.") (quoting
Davey v. Polan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007));
Ballard v. Parkstone Energy, LLC, No. 06 Civ. 13099, 2008 WL
4298572, at *1 (S.D.N.Y. Sept. 19, 2008) ("Local Rule 6.3 is
to be narrowly construed and strictly applied in order to
avoid repetitive arguments on issues that the court has fully
considered.") (quoting Abrahamson v. Bd. of Educ. of the
Wappingers Cent. Sch. Dist., 237 F. Supp. 2d 507, 510
(S.D.N.Y. 2002)).  Motions for reconsideration "are not
vehicles for taking a second bite at the apple, . . . and [the
court] [should] not consider facts not in the record to be
facts that the court overlooked." Rafter v. Liddle, 288 Fed.

5

Appx. 768, 769 (2d Cir. 2008) (citation and quotation marks omitted).

## Defendant's Motion To Reconsider Is Granted

According to Defendant, the August 7 Opinion erred in allowing Plaintiff's claim for breach of contract and Plaintiff's two claims for account stated to proceed. Defendant contends that had the August 7 Opinion analyzed the agreements at issue in the litigation rather than rely solely on Plaintiff's allegations in the complaint, these claims would have been dismissed. Because the August 7 Opinion failed to consider agreements that were properly before the Court at the motion to dismiss stage, Defendant's motion for reconsideration is granted.

Defendant's motion to reconsider is based on 19 invoices Defendant submitted to the Court in connection with its motion to dismiss. These 19 invoices were attached to two separate declarations. Seven invoices were attached to a declaration from Suzann Frobose, an Avon employee, whose declaration stated that Plaintiff provided photography services for Defendant's catalogs from 2001 to 2006 and that

6

the seven invoices were sent to Defendant from Plaintiff.  The 12 other invoices were attached to a declaration from Defendant's counsel, Roger L. Zissu, Esq., who stated in his declaration that the 12 invoices were received from Plaintiff's counsel in March 2011.  According to Defendant, the August 7 Opinion erred in that it relied solely on the language Plaintiff pled in the complaint.  Defendant contends that the 19 agreements included in Defendant's declarations were incorporated by reference in Plaintiff's complaint and were therefore properly before the Court on the motion to dismiss.  Had the August 7 Opinion, rather than rely on the language of the complaint, based its analysis on the language in the agreements, Defendant contends that the breach of contract claim and two account stated claims would have been dismissed.

Defendant's motion to reconsider is granted because the August 7 Opinion overlooked the agreements presented to the Court and inappropriately relied on Plaintiff's allegations rather than the contracts' text.  It is well-settled that a court cannot consider documents outside the pleadings on a Rule 12(b)(6) motion to dismiss unless the documents are incorporated by reference in the complaint or

7

are integral to the complaint.  "To be incorporated by
reference, the complaint must make a clear, definite and
substantial reference to the documents . . . . [and] [t]o be
integral to a complaint, the plaintiff must have (1) actual
notice of the extraneous information and (2) relied upon the
documents in framing the complaint." DeLuca v. AccessIT Grp.,
Inc., 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (internal
citations and quotation marks omitted).  As described above,
of the 19 agreements presented to the Court at the motion to
dismiss stage, 12 were invoices attached to the Zissu
Declaration that Defendant obtained from Plaintiff in March
2011.  The remaining seven agreements were invoices attached
to the Frobose Declaration, representing other invoices that
Defendant received from Plaintiff for photography services.
Plaintiff contends that these seven agreements are not
properly before the Court, and there is insufficient evidence
to establish that these seven agreements are either
incorporated by reference or integral to the complaint.
However, with respect to the invoices attached to the Zissu
Declaration, the parties agree that these invoices are before
the Court in the context of the motion to dismiss.[1]  See Pl.'s

---

[1]     Plaintiff's complaint refers expressly to the invoices
Plaintiff sent Defendant memorializing a limited usage license
of one year and a limited scope of use. See Compl. ¶¶ 15-17.

Opp. Br. at 3 ("[T]he only invoices that the Court could even consider would be those [i]nvoices attached to the Zissu Declaration.").

"In the event that a plaintiff alleges a claim based on a written instrument, as is the case here, the court may consider such an instrument in ruling on a Rule 12(b)(6) motion even if it was not attached to the complaint and made a part thereof[.]" Rapoport v. Asia Elec. Holding Co., Inc., 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (quoting Sazerac Co., Inc. v. Falk, 861 F. Supp. 253, 257 (S.D.N.Y. 1994)). If the documents contradict the allegations of a plaintiff's complaint, the documents control and the Court need not accept as true the allegations in the complaint. Id. In its briefing concerning the motion to dismiss, Defendant made reference to the invoices Plaintiff sent Defendant and attached them as exhibits to declarations submitted in support of the briefing. Notwithstanding these submissions, the August 7 Opinion's discussion of Plaintiff's claims for breach

---

As such, these invoices were incorporated by reference into Plaintiff's complaint. These invoices are also integral to the complaint, as Plaintiff both had actual notice of these documents, as it was Plaintiff who provided Defendant with these invoices in March 2011, and Plaintiff relied upon the documents in framing the complaint, as the complaint makes express reference to these invoices.

of contract and account stated focused on Plaintiff's
allegations in the complaint.  Because the August 7 Opinion
overlooked the agreements (13 of which the parties agree were
properly before the Court at the motion to dismiss stage of
the litigation), Defendant's motion to reconsider is granted.

**Review Of The Agreements Reveals That Plaintiff Has Pled A
Valid Cause Of Action For Breach Of Contract**

        According to Defendant, the August 7 Opinion
erroneously failed to dismiss Plaintiff's breach of contract
claim.  Defendant contends that the Court should have relied
on the agreements now before the Court to find that Plaintiff
failed to plead an enforceable agreement under New York law.
Defendant also contends that the Court should have followed
precedent cited by Defendant in the motion to dismiss
pleadings and held that Plaintiff's breach of contract claim
is preempted by the Copyright Act.

### 1. Plaintiff Has Stated A Valid Cause Of Action For Breach Of Contract

        As was noted in the August 7 Opinion, "[u]nder New
York law, an action for breach of contract requires proof of
(1) a contract; (2) the performance of the contract by one

10

party; (3) breach by the other party; and (4) damages." First
Investors Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 168
(2d Cir. 1998) (citations an internal quotation marks
omitted).  Upon consideration of both Plaintiff's allegations
as well as the documents before the Court at the motion to
dismiss stage, Plaintiff has presented sufficient facts to
establish a valid breach of contract claim.  Plaintiff's
breach of contract cause of action states:

> By reusing Diodato LLC's copyrighted images, AVON
> breached the one (1) year limited usage license set for
> the in the Original Invoices.
>
> By using Diodato LLC's copyrighted images in
> international catalog campaigns, AVON breached the scope
> of use set forth in the Original Invoices, which limited
> the scope of use to United States catalogs.
>
> Diodato LLC has, at all times, fully performed all of its
> obligations to AVON under the Original Invoices.
>
> By virtue of AVON's breach, Diodato LLC has been damaged
> in an amount to be determined at trial.

Compl. ¶¶ 49-52.  As such, Plaintiff's breach of contract
claim is premised on two wrongs Defendant allegedly committed
in violation of the parties' agreements: (1) Defendant
allegedly used Plaintiff's images beyond the one-year license
term, and (2) Defendant allegedly used Plaintiff's images
outside the United States.  An examination of the agreements

11

before the Court reveals that, although Plaintiff cannot state a claim based on this second alleged wrongdoing, Plaintiff can state a breach of contract claim premised on Defendant's failure to fulfill its obligation to negotiate with Plaintiff prior to using Plaintiff's images beyond the one-year license term.

With respect to the second alleged wrongdoing, namely that Defendant violated an agreement by using Plaintiff's photographs in catalogs outside the United States, the agreements before the Court contain no provisions concerning the geographic scope of the license afforded to Defendant. Furthermore, Plaintiff's opposition to Defendant's motion to reconsider fails to answer Defendant's contention that there was no provision limiting Defendant's use of the images to catalogs in the United States. Accordingly, Plaintiff has failed to state a valid cause of action for breach of contract under the theory that Defendant used Plaintiff's images in a geographic region the parties' agreements prohibited.

However, with respect to the first alleged wrongdoing, Plaintiff has provided a sufficient basis upon

12

which to base a breach of contract claim.  A review of the
agreements that the Court overlooked in the August 7 Opinion
reveals that the agreements between the parties provide, among
other things, that "[i]f catalog images are to be used for
longer than 1 year, a fee must be negotiated prior to use" and
that "[c]atalog use is one year only unless otherwise
negotiated[.]"  Defendant's contention is that the Court
should have relied on the agreements before the Court to hold
that there was no agreement under New York law between the
parties as to the post-license use of the photographs.
Notwithstanding Defendant's contention, the agreements before
the Court establish that Defendant, if it elected to use the
images beyond the one-year licensing agreement, was obligated
to negotiate with Plaintiff to determine a fee.  Rather than
negotiate a fee with Plaintiff, Defendant used Plaintiff's
images without permission.  As such, Plaintiff's complaint
presents a valid cause of action for breach of contract.

Defendant rejects this contract theory, contending
that the language quoted above is an unenforceable "agreement
to agree."  "[A] mere agreement to agree, in which a material
term is left for future negotiations, is unenforceable."
Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher, 52

13

N.Y.2d 105, 109, 436 N.Y.S.2d 247, 417 N.E.2d 541 (1981)
(citation omitted).  Defendant adopts the position that,
because the agreements before the Court only require that the
fee for use beyond the one-year license term be "negotiated,"
the contract is without the material terms necessary to be
enforceable.  "To create a binding contract, there must be a
manifestation of mutual assent sufficiently definite to assure
that the parties are truly in agreement with respect to all
material terms."  Express Indus. & Terminal Corp. v. N.Y.
State Dep't of Transp., 93 N.Y.2d 584, 589, 693 N.Y.S.2d 857,
715 N.E.2d 1050 (1999) (citation omitted).  There must be "an
objective meeting of the minds sufficient to give rise to a
binding and enforceable contract."  Id.  Reviewing the
agreements before the Court reveals that the parties' intended
the license term to be one year, and there is a clear
expression that, if Defendant wished to use the images
following that one-year period, the parties would be obligated
to negotiate a fee to be paid to Plaintiff prior to
Defendant's continued use of the images.  The agreements
Defendant cites contain no information suggesting that the
parties' did not have the intent to form a contract, as the
agreements provide Plaintiff with a fee, Defendant with a one-
year license to use Plaintiff's images and various conditions

14

under which that license is granted, including the obligation
to negotiate a fee to be paid to Plaintiff prior to
Defendant's use of the images beyond the one-year period.  As
such, reviewing the agreements reveals that Plaintiff has
presented a valid breach of contract claim on the theory that
Defendant failed to fulfill his obligation to negotiate with
Plaintiff prior to using the images beyond the one-year term.

### 2. Plaintiff's Breach Of Contract Claim Is Not Preempted By The Copyright Claim

As was noted in the August 7 Opinion, the Copyright
Act provides for the preemption of state law claims that are
interrelated with copyright claims.  "The Copyright Act
exclusively governs a claim when: (1) the particular work to
which the claim is being applied falls within the type of
works protected by the Copyright Act . . . and (2) the claim
seeks to vindicate legal or equitable rights that are
equivalent to one of the bundle of exclusive rights already
protected by copyright law[.]"  Briarpatch Ltd., L.P. v.
Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004).  The
first requirement "is satisfied if the claim applies to a work
of authorship fixed in a tangible medium of expression and
falling within the ambit of one of the categories of

15

copyrightable works." Id. Because this case involves
photographs, that requirement has been satisfied here. The
second requirement "is satisfied only when the state-created
right may be abridged by an act that would, by itself,
infringe one of the exclusive rights provided by federal
copyright law." Id. (citing Computer Assocs. Int'l, Inc. v.
Altai, Inc., 982 F.2d 693, 716 (2d Cir. 1992)). That is, (1)
"the state law claim must involve acts of reproduction,
adaption, performance, distribution or display"; and (2) "the
state law claim must not include any extra elements that make
it qualitatively different from a copyright infringement
claim." Briarpatch Ltd., 373 F.3d at 305 (citations omitted).
With respect to the "extra element" requirement, courts
examine "what [the] plaintiff seeks to protect, the theories
in which the matter is thought to be protected and the rights
sought to be enforced." Computer Assocs., 982 F.2d at 716.


    Whether a breach of contract claim is preempted by a
copyright claim represents a difficult question, as "[c]ourts
in this district have continued to disagree on how to analyze
preemption of breach of contract claims." BanxCorp v. Costco
Wholesale Corp., 723 F. Supp. 2d 596, 614 (S.D.N.Y. 2010). In
Canal+ Image UK Ltd. v. Lutvak, 773 F. Supp. 2d 419, 441-445

(S.D.N.Y. 2011), the Honorable Richard J. Holwell provides a detailed discussion of how courts in this District have addressed the issue. Some courts, following Architectronics, Inc. v. Control Systems, Inc., 935 F. Supp. 425 (S.D.N.Y. 1996), have held that "the 'extra element' that saves a contract claim from preemption is the promise itself." Id. at 439; see also Canal & Image UK, 773 F. Supp. 2d at 442-443 (collecting cases). Other courts, following American Movie Classics Company v. Turner Entertainment Co., 922 F. Supp. 926 (S.D.N.Y. 1996), have held that "a breach of contract claim is preempted if it is merely based on allegations that the defendant did something that the copyright laws reserve exclusively to the plaintiff (such as unauthorized reproduction, performance, distribution or display)." Id. at 931; see also Canal+ Image UK, 773 F. Supp. 2d at 443 (collecting cases). "The crux of the dispute between the parties, therefore, is whether the promise inherent in any agreement, by itself, provides the extra element necessary to make a breach of contract claim qualitatively different from a copyright infringement claim." Canal+ Image UK, 773 F. Supp. 2d at 443 (quoting eScholar, LLC v. Otis Educational Sys., Inc., 387 F. Supp. 2d 329, 332 (S.D.N.Y. 2005)).

17

As described above, reviewing the agreements before the Court reveals that the "crux of the dispute between the parties" involves the contractual provisions that state, "[i]f catalog images are to be used for longer than 1 year, a fee must be negotiated prior to use" and "[c]atalog use is one year only unless otherwise negotiated."  Plaintiff has plead a valid breach of contract claim on the theory that Defendant breached its obligation under the agreements by using Plaintiff's images beyond the one-year licensing term without negotiating a fee to be paid to Plaintiff.  This breach of contract theory "provides the extra element necessary to make a breach of contract claim qualitatively different from a copyright infringement claim," Canal+ Image UK, 773 F. Supp. 2d at 443, as Plaintiff bears the burden of proving not just that Plaintiff used the images beyond the one-year licensing agreement, but also that Defendant failed to negotiate a fee.

In support of the proposition that the breach of contract claim is preempted, Defendant contends that there is no agreement between the parties for Defendant to pay Plaintiff for use beyond the one-year license term, and, as such, after the one-year licenses expired, the parties were "strangers" to one another and any post-termination reuse by

18

Defendant of Plaintiff's copyrighted photographs is subject to the federal Copyright Act, not contract law. See Marshall v. New Kids on the Block P'ship, 780 F. Supp. 1005, 1009 (S.D.N.Y. 1991) ("Case law in this Circuit indicates that a copyright licensee can make himself a 'stranger' to the licensor by using the copyrighted material in a manner that exceeds either the duration or the scope of the license."); Kanakos v. MX Trading Corp., No. 81 Civ. 4632, 1981 WL 1377, at *2 (S.D.N.Y. Sept. 16, 1981) ("Where a licensee utilizes a copyrighted work in a manner or to an extent not authorized by the license agreement, the licensee's position is no different from that of an infringer having no contractual relationship with the holder of the copyright. In both cases, the resulting cause of action is one for copyright infringement, and the claims against both arise under the copyright statutes."). However, as noted above, Plaintiff has pled a valid breach of contract claim on the theory that Defendant had a duty to negotiate a fee with Plaintiff and then failed to fulfill this obligation. The issue is not merely that Defendant used Plaintiff's works without Plaintiff's permission, but rather that Defendant broke its promise to negotiate a fee to pay Plaintiff in the event Defendant decided to use the images beyond the one-year licensing term.

19

The Second Circuit has recently addressed the issue of breach of contract claim preemption in Copyright Act cases in Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424 (2d Cir. 2012). In that case, the Second Circuit addressed an alleged agreement between Forest Park Pictures and USA Network pertaining to a television show idea Forest Park shared with USA Network under an implied agreement that USA Network would compensate Forest Park in the event USA Network used Forest Park's ideas. The Circuit squarely addressed whether this implied agreement between Forest Park and USA Network was preempted by Forest Park's copyright infringement claim, ultimately finding that the contract claim was not preempted:

> A number of our sister circuits have accordingly
> concluded that at least some contract claims involving
> the subject matter of copyright do not contest rights
> that are the equivalent of rights under the Copyright
> Act, and thus are not preempted. [Citations to other
> circuits' case law and treatise omitted.] Of course,
> preemption cannot be avoided simply be labeling a claim
> "breach of contract." A plaintiff must actually allege
> the elements of an enforceable contract (whether express
> or implied-in-fact), including offer, acceptance, and
> consideration, in addition to adequately alleging the
> defendant's breach of the contract.
>
> . . .

20

Here the Complaint specifically alleges that the contract
includes by implication a promise to pay for the use of
Forest Park's idea.  See Complaint ¶ 11 (alleging that it
was understood when Forest Park met with Sepiol that they
were "pitching . . . ideas with the object of persuading
USA Network to *purchase* those ideas for commercial
development) (emphasis added); id. ¶ 25 ("USA Network
voluntarily accepted Plaintiffs' ideas knowing full well
that Plaintiffs had submitted those ideas in confidence
and for economic gain, and with *the clear expectation of*
*payment* in the event those ideas were utilized by USA
Network . . . .") (emphasis added).  The alleged contract
does not simply require USA Network to honor Forest
Park's exclusive rights under the Copyright Act (assuming
the material at issue to be copyrightable); it requires
USA Network to pay for the use of Forest Park's ideas.  A
claim for breach of a contract including a promise to pay
is qualitatively different from a suit to vindicate a
right included in the Copyright Act and is not subject to
preemption.

Forest Park Pictures v. Universal Television Network, Inc.,

683 F.3d 424, 431-33 (2d Cir. 2012).  A review of the

agreements before the Court reveals that, similar to the

contract at issue in Forest Park where the agreement does "not

simply require USA Network to honor Forest Park's exclusive

rights under the Copyright Act . . .; it requires USA Network

to pay for the use of Forest Park's ideas," Forest Park, 683

F.3d at 432-33, the agreements in the present action do not

simply require Defendant to honor Plaintiff's rights under the

Copyright Act, but rather obligate Defendant to negotiate a

fee prior to use of the images beyond the one-year licensing

term.  A claim that Defendant failed to honor its agreement

21

with Plaintiff by failing to negotiate this fee is a
substantively different cause of action when compared to
Plaintiff's claim for copyright infringement.  Accordingly,
Plaintiff's claim for breach of contract is not preempted.

**Upon Reconsideration, Plaintiff's Claims For Account Stated
Are Dismissed**

In addition to requesting reconsideration concerning
the breach of contract claim, Defendant has also moved to
reconsider the August 7 Opinion's denial of Defendant's motion
to dismiss Plaintiff's claims for account stated.  With
respect to Plaintiff's two claims for account stated, the
August 7 Opinion held:

> An account stated claim requires "an agreement between
> the parties to an account based upon prior transactions
> between them . . . ." LeBoeuf, Lamb, Greene & MacRae,
> L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999)
> (internal quotation marks and citations omitted).  "To
> state a claim for an account stated, the plaintiff must
> plead that: (1) an account was presented; (2) it was
> accepted as correct; and (3) debtor promised to pay the
> amount stated." IMG Fragrance Brands, LLC v. Houbigant,
> Inc., 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009) (internal
> quotation marks and citations omitted).  An agreement to
> pay the account presented "may be implied if a party
> receiving a statement of account keeps it without
> objecting to it within a reasonable time or if the debtor
> makes partial payment." Worsham, 185 F.3d at 64
> (internal quotation marks and citations omitted).
> "[U]nless fraud, mistake or other equitable

22

considerations are shown, the party who receives a statement of account must examine the statement and make all necessary objections in order to avoid implication of an agreement." Feingold v. Chrismas, 818 F. Supp. 2d 763, 768-69 (S.D.N.Y. 2011) (citing Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff, 638 F. Supp. 714, 719 (S.D.N.Y. 1986)).

According to Defendant, the fact that invoices were sent illustrates that the parties had not come to an agreement regarding the appropriate amount to be charged. Defendant contends that the parties here were no longer engaged in an ongoing business relationship, that Plaintiff was merely demanding payment and that these demands for payment were not met with silence but rather led to meetings by the parties and their counsel to review the facts and negotiate a resolution. To support its position, Defendant cites the 1916 New York Court of Appeals case Newburger-Morris Co. v. Talcott, in which then-Judge Cardozo stated, "There is no doubt that an account stated may sometimes result from the retention of accounts current without objection. But the rest does not always follow. It varies with the circumstances that surround he submission of the statements, and those circumstances include, of course, the relation between the parties." 219 N.Y. 505, 511, 114 N.E. 846 (1916).

As noted above, in evaluating a motion to dismiss, the issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, 56 F.3d at 378. Here, the Complaint alleges that Plaintiff sent various invoices to Defendant and that Defendant did not object to those invoices. As such, the Complaint pleads sufficient facts to establish a claim for account stated, and Defendant's motion to dismiss the two account stated counts of the Complaint is denied.

Diodato, 2012 WL 3240428, at *10-11. According to Defendant,

the issue of whether each of the invoices constitutes an

account stated is a question of law, not a question of fact.

Defendant criticizes the August 7 Opinion for only taking into account the allegations in Plaintiff's complaint without examining the documentary evidence establishing the true nature of these invoices.  Defendant contends that had the August 7 Opinion not overlooked the agreements, Defendant's motion to dismiss the account stated claims would have been granted.

Defendant, citing the standard relied upon in the August 7 Opinion, see Diodato, 2012 WL 3240428, at *10 (citing IMG Fragrance Brands, 679 F. Supp. 2d at 411), contends that the August 7 Opinion inappropriately assessed whether Plaintiff adequately alleged that "an account was presented." Again, citing cases relied upon by the August 7 Opinion, Defendant contends that "[a]n account stated claim requires an agreement between the parties to an account based upon prior transactions between them[.]"  Diodato, 2012 WL 3240428, at *10 (quoting LeBoeuf, 185 F.3d at 64).  However, as noted above, Defendant contends that any ongoing agreements between the parties terminated with the expiration of the last original one-year license for the use of Plaintiff's photographs.  According to Defendant, because the agreements submitted to the Court on the motion to dismiss did not

24

contain terms sufficient to bind the parties to a contractual
relationship past their expiration, the parties became
"strangers" to one another after the last agreement expired.
Accordingly, Defendant contends that the parties never agreed
upon the substance of the invoices Plaintiff sent to
Defendant, and the parties never "agreed on a balance of
indebtedness." Newburger-Morris, 114 N.E. at 848. Defendant
states that the fact that Plaintiff's documents were called
"Infringement Invoices" and Plaintiff's notation that the
charges were "for unauthorized uses" further supports the
conclusion that the parties had not agreed upon the terms of
use. Defendant contends that had the August 7 Opinion
analyzed the documentary evidence before the Court, the
account stated claims would have been dismissed.

        According to Plaintiff, the 2008 and 2010 invoices
at issue in Plaintiff's account stated claims are contracts
between Plaintiff and Defendant under which Defendant, in
advance, promised to pay Plaintiff an additional usage fee for
additional usage. Plaintiff rejects the contention that these
invoices were communications demanding monetary relief for
Plaintiff's copyright claims. Instead, according to
Plaintiff, these invoices were Plaintiff's demand that

Defendant pay the usage fee it promise to pay Plaintiff in the event it reused the images.  Plaintiff contends that it only billed Defendant for the usual rate of usage with no penalties or damages for copyright infringement.

Notwithstanding Plaintiff's contentions, the allegations in the complaint, when reviewed in conjunction with the agreements before the Court, are insufficient to establish that the parties "agreed on a balance of indebtedness." Newburger-Morris, 114 N.E. at 848.  The invoices Plaintiff describes and attaches to the complaint are "for unauthorized uses of its images."  Compl. ¶¶ 23, 25.  The complaint further alleges that "the particular unauthorized uses identified in the 2008 Infringement Invoices and 2010 Infringement Invoices are part of Avon's pattern and practice of using of plaintiff's photographic images in excess of the one year usage license."  Compl. ¶ 26. As described above, the agreements before the Court establish that "[i]f catalog images are to be used for longer than 1 year, a fee must be negotiated prior to use."  Because the fee must be "negotiated," it cannot be stated that the parties agreed upon what that fee would be.  Accordingly, a review of the agreements before the Court establish the lack of "an

26

agreement between the parties to an account based upon prior transactions between them[.]" Worsham, 185 F.3d at 64. Without allegations sufficient to establish the existence of such an agreement, Plaintiff's claims for account stated must be dismissed.

**Conclusion**

Based on the conclusions set forth above, Defendant's motion to reconsider is granted. Upon reconsideration, Plaintiff's claim for breach of contract remains a validly pled cause of action, but Plaintiff's claims for account stated are dismissed.

It is so ordered.

New York, NY
September 2/ , 2012

ROBERT W. SWEET
U.S.D.J.

27